Carla M. Wirtschafter (SBN 292142)
Email: cwirtschafter@reedsmith.com
REED SMITH LLP
1901 Avenue of the Stars
Suite 700
Los Angeles, CA 90067
Telephone: (213) 734-5200
Facsimile: (213) 734-5299

Attorney for Defendants
Bushnell Holdings, Inc., dba Bushnell Golf and Vista Outdoor, Inc.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IGOLF, INC., a corporation,<br><br>Plaintiff,<br><br>v.<br><br>BUSHNELL HOLDINGS, INC., dba BUSHNELL GOLF; VISTA OUTDOORS, INC.; and DOES 1-25, inclusive,<br><br>Defendants. | **Case No.:** 3:23-cv-01595-L-BGS<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT VISTA OUTDOOR, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>Removed from the Superior Court of California in and for the County of San Diego, 37-2023-00032117-CU-BC-CTL on August 31, 2023<br><br>DATE: October 10, 2023<br>TIME: 10:30 a.m.<br>CTRM: 5B (5th Floor)<br><br>JUDGE: M. Jones Lorenz<br><br>Date of Removal: August 30, 2023<br><br>**[*Pursuant to Local Rules, no oral argument unless requested*]** |
| BUSHNELL HOLDINGS, INC., dba BUSHNELL GOLF,<br><br>Counter-Plaintiff<br><br>v.<br><br>IGOLF, INC.<br><br>Counter-Defendant | |

**TABLE OF CONTENTS**

I. INTRODUCTION ..................................................................................................1

II. FACTUAL BACKGROUND ................................................................................2

III. ARGUMENT ........................................................................................................4

    A. iGolf's Complaint is Devoid of Specific Allegations Against Vista and Accordingly Fails Under Rule 8................................................4

    B. The Complaint Also Fails to State a Claim against Vista under Rule 12 .......................................................................................................7

        i. Vista's purported liability cannot be based solely on a Parent-Subsidiary relationship. ..........................................................7

        ii. Because Vista is not a party to any contracts identified in the Complaint, iGolf's contractual claims fail. ...........................9

    C. iGolf Should Not be Permitted Leave to Amend ..........................10

IV. CONCLUSION ...................................................................................................11

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Adobe Sys. Inc. v. Blue Source Grp., Inc.*,
　125 F. Supp. 3d 945 (N.D. Cal. 2015) ................................................................5

*Am. Sales Co. v. AstraZeneca AB*,
　No. 10 Civ. 6062(PKC), 2011 WL 1465786 (S.D.N.Y. Apr. 14, 2011) ..............6

*Ashcroft v. Iqbal*,
　556 U.S. 662 (2009) ............................................................................................8

*AZCO Biotech Inc. v. Qiagen, N.V.*,
　Case No.: 12-CV-2599 BEN (DHB), 2013 U.S. Dist. LEXIS 119118
　(S.D. Cal. Aug. 19, 2013) ...................................................................................8

*Bell Atlantic Corp. v. Twombley*,
　127 S. Ct. 1955 (2007) ........................................................................................7

*Better Homes Realty, Inc. v. Watmore*,
　Case No.: 3:16-cv-01607-BEN-MDD, 2017 U.S. Dist. LEXIS 59982
　(S.D. Cal. Apr. 18, 2017) ....................................................................................5

*Cardenas v. Am. Airlines, Inc.*,
　Case No.: 17cv2513-GPC(JLB), 2019 U.S. Dist. LEXIS 57747 (S.D.
　Cal. Apr. 3, 2019) ................................................................................................9

*Cattie v. Wal-Mart Stores, Inc.*,
　504 F. Supp. 2d 939 (S.D. Cal. 2007) .................................................................8

*City of Escondido v. Gen. Reinsurance Corp.*,
　No. 19cv868-MMA (BGS), 2019 U.S. Dist. LEXIS 218405 (S.D. Cal.
　Dec. 18, 2019) ...................................................................................................10

*Dos Beaches, LLC v. Mail Boxes Etc., Inc.*,
　Case No.: 09CV2401-LAB (RBB), 2012 U.S. Dist. LEXIS 18619
　(S.D. Cal. Feb 15, 2012) .....................................................................................9

*EEOC v. Waffle House, Inc.*,
　534 U.S. 279 (2002) ............................................................................................9

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT VISTA
OUTDOOR, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

*Estrada v. Caliber Home Loans, Inc.*,
   172 F. Supp. 3d 1108 (C.D. Cal. 2016) ................................................................6

*Gabrielson v. Montgomery Ward Co.*,
   785 F.2d 762 (9th Cir. 1986) ...............................................................................11

*Gauvin v. Trombatore*,
   682 F. Supp. 1067 (N.D. Cal. 1988) ..................................................................5, 6

*Harris Rutsky Co. Ins. Servs., Inc. v. Bell Clements Ltd.*,
   328 F.3d 1122 (9th Cir. 2003) ..............................................................................8

*Horton v. Neostrata Co.*,
   2017 U.S. Dist. LEXIS 34059 (S.D. Cal. Mar. 8, 2017) ....................................5, 6

*Infosonics Corporation v. LG Electronics, Inc.*,
   No. 09CV1657-MMA (BLM), 2010 U.S. Dist. LEXIS 86428 (S.D. Cal. Aug. 23, 2010) ................................................................................................8

*Japhet v. Francis E. Parker Mem'l Home, Inc.*, No. 2:14-cv-238-TLN-DAD PS, 2014 U.S. Dist. LEXIS 105134 (D.N.J. July 31, 2014) .......................6

*Mills v. Ethicon, Inc.*,
   406 F. Supp. 3d 363 (D.N.J. 2019) .......................................................................6

*Novarro v. Black*,
   250 F.3d 729 (9th Cir. 2001) .................................................................................7

*Oasis W. Realty, LLC v. Goldman*,
   51 Cal. 4th 811 (2011) ...........................................................................................9

*Ochre LLC v. Rockwell Architecture Planning & Design, P.C.*,
   No. 12 Civ. 2837(KBF), 2012 WL 6082387 (S.D.N.Y. Dec. 3, 2012) .................6

*Ranza v. Nike, Inc.*,
   793 F.3d 1059 (9th Cir. 2015) ..............................................................................8

*Reddy v. Litton Indus.*,
   912 F.2d 291 (9th Cir. 1990) ...............................................................................10

*Shelton v. Ocwen Loan Servicing*,
   Case No.: 18-cv-02467-AJB-WVG, 2019 U.S. Dist. LEXIS 169321 (S.D. Cal. Sep. 30, 2019) ....................................................................................10

– iii –

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT VISTA OUTDOOR, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

*Williams ex rel. Tabiu v. Gerber Products Co.*,
    523 F.3d 934 (9th Cir. 2008) ..................................................................................... 7

*Tamraz v. Bakotic Pathology Assocs.*,
    22-cv-0725-BAS-WVG, 2022 U.S. Dist. LEXIS 208345 (S.D. Cal. Nov. 16, 2022) ............................................................................................................. 5

*United States v. Bestfoods*,
    524 U.S. 51 (1998) ................................................................................................. 7, 8

*United States v. Ritchie*,
    342 F.3d 903 (9th Cir. 2003) ....................................................................................... 3

*United States v. United Healthcare Ins. Co.*,
    848 F.3d 1161 (9th Cir. 2016) ..................................................................................... 6

*Van Maanen v. Youth with a Mission-Bishop*,
    852 F. Supp. 2d 1232 (E.D. Cal. 2012) ...................................................................... 8

**Rules**

Fed. R. Civ. P. 8(a) ............................................................................................................. 5

Fed. R. Civ. P. 8(d) ............................................................................................................. 5

Fed. R. Civ. P. 12(b)(6) ....................................................................................................... 7

Fed. R. Civ. P. 15(a) ......................................................................................................... 10

– iv –

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT VISTA OUTDOOR, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

## I. INTRODUCTION

Defendant Vista Outdoor, Inc.[1] ("Vista") moves to dismiss Plaintiff iGolf Inc. ("iGolf")'s Complaint (the "Complaint") in its entirety pursuant to Rules 8 and 12(b)(6) of the Federal Rule of Civil Procedure. iGolf's "group" pleading style, lumping all defendants together and failing to distinguish between them, is impermissible and fails to state a viable claim against Vista as a result. Moreover, Vista was unquestionably not a party to any of the contracts at issue in iGolf's Complaint, dooming iGolf's contract-based causes of action.

iGolf seeks to hold Vista and its wholly-owned subsidiary, Bushnell Holdings, Inc. ("Bushnell") liable for a number of causes of action – some contract based, others based on alleged violations of California common law or statutes. However, as iGolf acknowledges in the Complaint, Vista is simply Defendant Bushnell's parent company. Vista has *zero* factual involvement in any of iGolf's claims. It is no surprise, then, that the Complaint is devoid of allegations detail Vista's supposed role in this case, much less allegations that attribute any conduct to Vista, as opposed to Bushnell. Instead, iGolf adopted a common but impermissible tactic—rather than differentiate between multiple defendants and make allegations specifically against each one, iGolf simply lumped them together, noting that "references to Bushnell include and incorporate Vista as Bushnell's parent company." This problematic pleading style makes it impossible for Vista—and for the Court—to discern exactly what iGolf actually alleges Vista to have done, aside from simply exist as a corporate parent. And case after case, both in this District and throughout the country, have condemned "group" or "lump" pleading as violating Rule 8 of the Federal Rules of Civil Procedure. Courts also agree that absent specific allegations to support disregarding corporate formalities, complaints that premise liability of a corporate parent on the mere existence of a parent-

---

[1] Plaintiff incorrectly identified Vista as "Vista Outdoors, Inc." in the complaint. Vista's proper name is Vista Outdoor, Inc.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS PLAINTIFF'S COMPLAINT

subsidiary relationship fail under Rule 12(b)(6).

The Complaint is also fatally flawed in another analogous respect. Many of iGolf's claims are contract-based. Counts I and II allege express and implied contractual breaches of the 2011 License Agreement ("License Agreement") between iGolf and Bushnell. Count VIII seeks recover for a breach of a contractual indemnity provision, and Count IX relatedly seeks a declaration regarding iGolf's alleged contractual indemnity rights. But iGolf never pleads that Vista, as opposed to Bushnell, was a party to the License Agreement, or any other contract giving rise to its claims. At most, iGolf lumps Vista together with Bushnell and the unnamed Doe defendants, alleging that Bushnell or Vista or the Doe defendants entered a contract with iGolf. But the more specific contractual allegations earlier in the Complaint belie this shoddy pleading—iGolf takes painstaking efforts to plead allegations about the content of the contracts, and never once identifies a contract to which Vista is claimed to be a party—Bushnell is **always** identified as iGolf's counterparty. Indeed, had iGolf bothered to attach the contracts it claims are at issue, it would be obvious upon even the most cursory read that Bushnell is the only defendant bound to any of them. No further amendment would remedy this fatal reality.

iGolf's Complaint is both facially and factually deficient. Accordingly, Vista respectfully requests that this court grant Vista's Motion to Dismiss without leave to amend.

## II. FACTUAL BACKGROUND

The Complaint is devoid of allegations that are specific to Vista, aside from jurisdictional claims. iGolf acknowledges that Vista is "the parent company of Bushnell." Compl. at ¶ 3. iGolf further states that Bushnell is "a company in the business of selling golf accessory products…" and that "Vista is the parent company of Bushnell." *Id.* at ¶ 15. Based on this relationship, iGolf's "references to Bushnell" in the Complaint "include and incorporate Vista as Bushnell's parent company." *Id.*

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

The Complaint then details iGolf's relationship with "Bushnell." Without attaching any of the contracts it refers to, iGolf alleges that it and "Bushnell" entered into a host of contracts and amendments to those agreements. Specifically, iGolf claims that it and "Bushnell" entered into the License Agreement in December 2011. *Id.* at ¶ 17. A true and correct copy of the License Agreement, which is between Bushnell, Inc. and L1 Technologies, Inc.[2], is attached as **Exhibit 1** to the Declaration of William Weltman ("Weltman Dec.").[3] Vista is never mentioned in the License Agreement. *Id.* iGolf contends that the License Agreement was amended in or around December 2013, and that it and "Bushnell" executed an addendum in 2018. Compl. at ¶¶ 18, 20. A true and correct copy of the 2013 Amendment is attached to the Weltman Dec. as **Exhibit 2.** Like the License Agreement, the 2013 Amendment is between L1 Technologies, Inc. and Bushnell, Inc., and makes no mention of Vista. The same is true of the 2018 Addendum. *See* **Exhibit 3** to Weltman Dec. Finally, iGolf contends that it and "Bushnell" entered into a 2021 addendum to the License Agreement. Compl. at ¶ 26. The 2021 Addendum—again—is, on its face, an agreement between L1 Technologies and Bushnell Holdings, Inc. *See* **Exhibit 4** to Weltman Dec. iGolf's Complaint claims myriad alleged express and implied breaches of these agreements." *See, e.g.,* Compl. at ¶¶ 24-25, 27, 38-39, 54-57, 63-67, 125-129, 134.

Much of the rest of the Complaint focuses on alleged misrepresentations in connection with patent applications and issued patents. *See id.* at ¶¶ 21-23, 48-49, 75, 88, 102. The published patent applications and patents to which they pertain are publicly available via the United States Patent and Trademark Office (USPTO) website. Each of the patent applications and patents listed in the Complaint identify Bushnell, Inc. as the applicant, and make no reference to Vista. Specifically:

---

[2] iGolf originally conducted business under the name L1 Technologies Inc. ("L1").

[3] The contracts attached to the Weltman Dec. as Exhibits 1-4, and the patent materials attached thereto as Exhibits 5-9 may be considered in connection with this Motion because iGolf extensively references them in the Complaint, and they form the basis of iGolf's claims. Accordingly, they are incorporated into the Complaint by reference. *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

– 3 –
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS PLAINTIFF'S COMPLAINT

- US Patent Application 2023/0035430 A1 (referenced in Paragraph 22 of the Complaint), lists Bushnell, Inc. as the applicant. Vista is not mentioned in the document. See **Exhibit 5** to Weltman Dec.
- US Patent Application 2021/0141588 A1 (identified as Patent Application Number 16/679,633 in Paragraph 23 of the Complaint) lists Bushnell, Inc. as the applicant as well as the assignee. Vista is not mentioned in the document. See **Exhibit 6** to Weltman Dec.
- US Patent Application 2021/0144478 (identified as Patent Application Number 16/935,929 A1 in Paragraph 23 of the Complaint) lists Bushnell, Inc. as both the applicant and assignee. Vista is not mentioned in the document. See **Exhibit 7** to Weltman Dec.
- US Patent No. 11,665,477 B2, referenced in Paragraph 23 of the Complaint, lists Bushnell, Inc. as the applicant and assignee. Vista is not mentioned in the document. See **Exhibit 8** to Weltman Dec.
- US Patent No. 11,455,141 B2, referenced in Paragraph 23 of the Complaint, lists Bushnell, Inc. as the applicant and assignee. Vista is not mentioned in the document. See **Exhibit 9** to Weltman Dec.

In the substantive counts of the Complaint, L1 makes all allegations against "Bushnell, Vista, and/or DOES 1-25" without differentiating between the companies. *See, e.g.,* Compl. at ¶¶ 51-59, 61-69, 71-80, 82, 85-90, 92-93, 95, 98-103, 105, 107-115, 117-122, 125-126, 128-129, 132-137. There is not a single substantive allegation in Counts I through IX that is specifically addressed against any one defendant, as opposed to grouping all defendants, named and unnamed, together. *Id.*

### III. ARGUMENT

#### A. iGolf's Complaint is Devoid of Specific Allegations Against Vista and Accordingly Fails Under Rule 8.

iGolf's Complaint lodges myriad contract, common law, and statutory claims

– 4 –

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

against two independent entities—Bushnell and Vista. But iGolf treats these two distinct companies throughout the Complaint as though it were a single entity, referring to them collectively as "Bushnell." iGolf's conceded rationale for this tactic reveals its impropriety—because Vista is Bushnell's parent, iGolf attempts to attribute all Bushnell conduct to Vista. Compl. at ¶¶ 3, 15. This, as explained below, is not a basis for liability. But from a pleading standard perspective, it also violates Rule 8 of the Federal Rules of Civil Procedure.

Rule 8(a) of the Federal Rules requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Pleadings are supposed to be "simple, concise, and direct." Fed. R. Civ. P. 8(d). While most claims do not need to meet the heightened pleading standard Rule 9(b) imposes for fraud-based claims, all claims must be pled with "sufficient specificity" to "put the opposing party on notice of the wrong they allegedly committed so that they can adequately defend themselves." *Horton v. Neostrata Co.*, 2017 U.S. Dist. LEXIS 34059, at *15-16 (S.D. Cal. Mar. 8, 2017) (citing *Gauvin v. Trombatore*, 682 F. Supp. 1067, 1071 (N.D. Cal. 1988)). Federal Courts in California and throughout the country have applied Rule 8 to prohibit "group" or "lump" pleading in cases involving multiple defendants, in which a plaintiff simply alleges that everyone did everything.

As a general rule, "when a pleading fails 'to allege what role each Defendant played in the alleged harm,' this 'makes it exceedingly difficult, if not impossible, for individual Defendants to respond to Plaintiffs' allegations.'" *Better Homes Realty, Inc. v. Watmore*, Case No.: 3:16-cv-01607-BEN-MDD, 2017 U.S. Dist. LEXIS 59982, at *9-10 (S.D. Cal. Apr. 18, 2017) (quoting *Adobe Sys. Inc. v. Blue Source Grp., Inc.*, 125 F. Supp. 3d 945, 964 (N.D. Cal. 2015)). As such, when a complaint "indiscriminately group[s] Defendants together without reason," this "deficiency alone sinks Plaintiff's pleadings." *Tamraz v. Bakotic Pathology Assocs.*, 22-cv-0725-BAS-WVG, 2022 U.S.

– 5 –

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Dist. LEXIS 208345, at *9 (S.D. Cal. Nov. 16, 2022). The failure to differentiate is often fatal. *See Horton,* 2017 U.S. Dist. LEXIS 34059, at *15-16; *Gauvin*, 682 F. Supp. at 1071; *Estrada v. Caliber Home Loans, Inc.*, 172 F. Supp. 3d 1108, 1117 (C.D. Cal. 2016); *Mills v. Ethicon, Inc.*, 406 F. Supp. 3d 363, 385-87 (D.N.J. 2019); *Japhet v. Francis E. Parker Mem'l Home, Inc.*, No. 2:14-cv-238-TLN-DAD PS, 2014 U.S. Dist. LEXIS 105134, at *7 (D.N.J. July 31, 2014); *Ochre LLC v. Rockwell Architecture Planning & Design, P.C.,* No. 12 Civ. 2837(KBF), 2012 WL 6082387, at *6-7 (S.D.N.Y. Dec. 3, 2012); *Am. Sales Co. v. AstraZeneca AB*, No. 10 Civ. 6062(PKC), 2011 WL 1465786, at *5 (S.D.N.Y. Apr. 14, 2011)

The Complaint, on its face, does not make even a single attempt to distinguish Vista from the remaining defendants (Bushnell and the unnamed Does) with respect to the factual allegations underlying iGolf's claims. It simply lumps Vista in with Bushnell and refers to the two collectively as "Bushnell," or asserts that "Bushnell, Vista, and/or" the unnamed Doe defendants took various actions. iGolf does so in a thinly-veiled attempt to disguise the fact that it can attribute no actual action to Vista (or the fictitiously named defendants). This is evidenced by iGolf's choice to continue the use of grouped allegations when it could easily discern the specific Defendant against whom the allegation should be brought. iGolf knows the party it contracted with. iGolf knows which party from which it requested indemnity. iGolf knows which company sold the Wingman. But if iGolf were to address its allegations to individual defendants, the Complaint would be conspicuously devoid of specific factual contentions related to Vista.

This is not a situation where the defendants can all be alleged to have engaged in "precisely the same conduct" which can justify group pleading. *United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1184 (9th Cir. 2016). As detailed in the fact section above, Vista is not a party to any of the underlying contracts. *See* Exs. 1-4. Nor did Vista apply for or receive any of the patents at issue in iGolf's allegations.

*See* Exs. 5-9. It is disingenuous for iGolf to use lump pleading to disguise these obvious and discernable truths, and it makes it impossible for Vista to determine what, if anything, Plaintiff claims it did in its individual corporate capacity, separate and apart from simply existing as Bushnell's parent. iGolf's threadbare and conclusory allegation that is "informed and believes" that all defendants "were the agents and employees" of each other" does not fix the problem. As discussed in greater detail in the next section, there is not a single factual allegation in the Complaint to suggest that corporate distinctiveness between Bushnell and Vista should not be respected in this case.

By treating Vista, Bushnell, and the fictitious defendants as a single entity, iGolf has failed to inform Vista of the specific allegations pertaining to its specific role, if any, in iGolf's claims. As such, the Complaint fails to satisfy Rule 8 and must be dismissed.

**B. The Complaint Also Fails to State a Claim against Vista under Rule 12**

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint. *Novarro v. Black*, 250 F.3d 729, 732 (9th Cir. 2001). "A district court should grant a motion to dismiss if plaintiffs have not pled 'enough facts to state a claim to relief that is plausible on its face.'" *Williams ex rel. Tabiu v. Gerber Products Co.*, 523 F.3d 934, 938 (9th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombley*, 127 S. Ct. 1955, 1974 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.*

**i. Vista's purported liability cannot be based solely on a Parent-Subsidiary relationship.**

It is a fundamental principle of corporate law that a parent and its subsidiary are separate legal entities, and that relationship alone is an insufficient basis on which to hold a parent liable for the subsidiary's action. *See United States v. Bestfoods*, 524 U.S.

– 7 –

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

51, 61 (1998); *accord Harris Rutsky Co. Ins. Servs., Inc. v. Bell Clements Ltd*., 328 F.3d 1122, 1134 (9th Cir. 2003) (citations omitted). Corporate separateness generally "insulates a parent corporation from liability created by its subsidiary, notwithstanding the parent's ownership of the subsidiary." *Ranza v. Nike, Inc*., 793 F.3d 1059, 1070 (9th Cir. 2015). In fact, a parent can only be held liable for conduct of its subsidiary if: (i) the parent company participates in the alleged wrongdoing, *see Bestfoods*, 524 U.S. at 64-65, (ii) the subsidiary is the parent's alter ego, or (iii) the subsidiary acts as the general agent of the parent. *See Cattie v. Wal-Mart Stores, Inc.,* 504 F. Supp. 2d 939, 944-45 (S.D. Cal. 2007) (internal citation and quotation omitted).

The Complaint, as detailed above, is devoid of allegations specific to Vista that could satisfy the first exception. *Compare Infosonics Corporation v. LG Electronics, Inc.,* No. 09CV1657-MMA (BLM), 2010 U.S. Dist. LEXIS 86428, at *9-10 (S.D. Cal. Aug. 23, 2010) (finding that a parent corporation was sufficiently involved in alleged wrongdoing when it was alleged that executives of the corporate parent were part of the contract negotiations at issue). Likewise, iGolf has not pled sufficient allegations to support an alter ego theory of liability or an agency relationship. iGolf erroneously asserts that "at all times herein mentioned each of the Defendants including the fictitiously named Defendants, were the agents and employees of each of the remaining Defendants." Compl. at ¶ 6. As a legal conclusion, this statement must be disregarded. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). iGolf has not pled any facts suggesting that Bushnell was an agent of Vista. *See generally* Compl. And a parent-subsidiary relationship does not infer an agency relationship. *See Van Maanen v. Youth with a Mission-Bishop*, 852 F. Supp. 2d 1232, 1249 (E.D. Cal. 2012) ("The control exercised in a typical parent-subsidiary relationship is insufficient to create an agency relationship."); *see also AZCO Biotech Inc. v. Qiagen, N.V.*, Case No.: 12-CV-2599 BEN (DHB), 2013 U.S. Dist. LEXIS 119118, at *18 (S.D. Cal. Aug. 19, 2013) ("As

the Ninth Circuit has recognized, application of the agency theory to a holding company is inapt….").

Because each and every claim asserted against Vista is premised on its status as Bushnell's parent company, it has failed to state a plausible claim against Vista. As such, the Complaint's claims against Vista should be dismissed under Rule 12(b)(6).

### ii. Because Vista is not a party to any contracts identified in the Complaint, iGolf's contractual claims fail.

For related reasons, Counts I, II, VIII, and IX fail to the extent they are asserted against Vista. Counts I and II are claims for explicit breach of the License Agreement and a breach of the covenant of good faith and fair dealing implied by law into the License Agreement. *See* Compl. at ¶¶ 50-59; 60-69. Counts VIII and IX seek remedies or declarations related to express contractual indemnity rights purportedly owed to iGolf. *Id.* at ¶¶ 125-127; 133-135. But Vista is indisputably not a party to any of the express contracts at issue in the Complaint. *See* Exs. 1-4. Nor has iGolf sufficiently pled any facts suggesting that an implied contractual relationship existed between itself and Vista forming the basis of these causes of action.

Under well-established California law, the elements for breach of contract are "(1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff." *Cardenas v. Am. Airlines, Inc.*, Case No.: 17cv2513-GPC(JLB), 2019 U.S. Dist. LEXIS 57747, at *18 (S.D. Cal. Apr. 3, 2019) (citing *Oasis W. Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821 (2011)). As the United States Supreme Court has held, "it goes without saying that a contract cannot bind a nonparty." *EEOC v. Waffle House, Inc.*, 534 U.S. 279, 294 (2002)). Accordingly, this Court has followed this well-established and logical rule and held that a non-party cannot be liable for the breach of a contract to which the non-party did not agree. *See e.g. Dos Beaches, LLC v. Mail Boxes Etc., Inc.*, Case No.: 09CV2401-LAB (RBB), 2012 U.S. Dist. LEXIS 18619, at

59-60 (S.D. Cal. Feb 15, 2012) (dismissing one of the defendants on the grounds that "[u]nder California law, only a signatory to a contract may be liable for any breach"); *Shelton v. Ocwen Loan Servicing*, Case No.: 18-cv-02467-AJB-WVG, 2019 U.S. Dist. LEXIS 169321, at *42 (S.D. Cal. Sep. 30, 2019) ("[A] contract cannot bind a nonparty, whether the nonparty is an intended beneficiary or not.")

According to this black-letter law, the first and foremost element of a breach of contract claim is the existence of a valid and enforceable contract between the parties. *See City of Escondido v. Gen. Reinsurance Corp.*, No. 19cv868-MMA (BGS), 2019 U.S. Dist. LEXIS 218405, at *13 (S.D. Cal. Dec. 18, 2019). iGolf falls woefully short of establishing this first and most basic requirement. The Complaint is devoid of any *real* allegations suggesting that the 2011 Agreement (or its addenda or amendments) is valid and enforceable between iGolf and Vista, or that any other contracts related to the underlying facts and circumstances exist to which Vista is a party. While iGolf alleges that Vista (or Bushnell or the Doe defendants) was a party to the Contract, *see e.g.* Complaint at ¶ 52 ("iGolf entered into a written contract with Bushnell, Vista and/or DOES 1-2, and each of them"), the plain text of the contracts reveals that this is false as to Vista.

Because Vista is not a party to the License Agreement forming the basis of Counts I and II, and because iGolf has not pled that Vista is party to any contract, express or implied, containing any indemnity provisions favoring iGolf, these counts must be dismissed.

### C. iGolf Should Not be Permitted Leave to Amend

When facing a Motion to Dismiss, plaintiffs are often permitted leave to amend their complaints to address any possible deficiencies. Fed. R. Civ. P. 15(a). However, when amendment would not meaningfully rectify such deficiencies so as to make amendment futile—such as here—courts may grant a defendant's motion to dismiss **with prejudice**. *Reddy v. Litton Indus.,* 912 F.2d 291, 296 (9th Cir. 1990). Any

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

amendment that can be defeated on a motion for summary judgment is futile. *See Gabrielson v. Montgomery Ward Co.*, 785 F.2d 762, 766 (9th Cir. 1986).

For this reason, this Court's dismissal, at a minimum as to Counts I, II, VIII, and IX should be with prejudice. No supplementation or revision of allegations can change the fact that Vista was not a party to the 2011 Agreement or any of its amendments or addenda, and therefore cannot be liable for any claims arising out of its breach, whether for indemnity or otherwise. As such, it would be proper for this Court to grant Vista's Motion with respect to these particular counts without leave to amend.

## IV. CONCLUSION

Because iGolf has failed to plead a single viable claim against Vista, the Complaint, as to Vista, should be dismissed pursuant to Rule 8(a) and Rule 12(b)(6) of the Federal Rules of Civil Procedure.

DATED: September 6, 2023

Respectfully submitted,

REED SMITH LLP

By: */s/ Carla M. Wirtschafter*
Carla M. Wirtschafter

Attorney for Defendants
Bushnell Holdings, Inc., dba Bushnell Golf and Vista Outdoor, Inc.
E-mail: cwirtschafter@reedsmith.com

# CERTIFICATE OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. I am employed in the office of a member of the bar of this court at whose direction the service was made. My business address is REED SMITH LLP, 1901 Avenue of the Stars, Suite 700, Los Angeles, CA 90067. On September 6, 2023, I served the following document(s) by the method indicated below:

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT VISTA OUTDOOR, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in this Declaration

☒ by transmitting via email to the parties at the email addresses listed below:

Bordin Semmer LLP
Joshua Bordin-Wosk
Justin F. Spearman
Howard Hughes Center
6100 Center Drive, Suite 1100
Los Angeles, CA 90045
Phone: (323) 457-2110
Fax: (323) 457-2120
Email: jbordinwosk@bordinsemmer.com; jspearman@bordinsemmer.com

*Attorneys for Plaintiff IGOLF, INC*.

I declare under penalty of perjury under the laws of the United States that the above is true and correct. Executed on September 6, 2023, at Los Angeles, California.

_____
Aida Turner

– 12 –
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT