BORDIN SEMMER LLP
Joshua Bordin-Wosk, State Bar No. 241077
jbordinwosk@bordinsemmer.com
Justin F. Spearman, State Bar No. 305785
jspearman@bordinsemmer.com
Howard Hughes Center
6100 Center Drive, Suite 1100
Los Angeles, CA 90045
Phone:	(323) 457-2110
Fax:	(323) 457-2120

Attorneys for Plaintiff,
IGOLF, INC.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IGOLF, INC., a corporation.,<br><br>Plaintiff,<br><br>v.<br><br>BUSHNELL HOLDINGS, INC., dba BUSHNELL GOLF; VISTA OUTDOORS, INC.; and DOES 1-25, inclusive,<br><br>Defendants. | Case No.: **3:23-cv-01595-L-BGS**<br><br>**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO VISTA OUTDOOR, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>Judicial Officer: Hon. M. James Lorenz<br><br><u>Hearing</u>:<br>Date:	Oct. 10, 2023<br>Time:	10:30 a.m.<br>Courtroom: 5B (5th Floor) |

BORDIN SEMMER LLP
6100 CENTER DRIVE
SUITE 1100
LOS ANGELES, CA 90045
(323) 457-2110

PLAINTIFF'S OPPOSITION TO VISTA OUTDOOR, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION AND SUMMARY OF PERTINENT ALLEGATIONS

This action arises from claims made by iGolf, Inc. ("Plaintiff") against Bushnell Holdings, Inc. and Vista Outdoors, Inc. ("Defendant" or "Vista"). The claims at issue arise from Vista's acts, along with and through its subsidiary holding company Bushnell, in, *inter alia*, breaching contracts with Plaintiff, misappropriating Plaintiff's trade secrets and intellectual property, and tortiously interfering with Plaintiff's business relationship with others.

Defendant now brings a motion to dismiss. For the reasons set forth below, Defendant's Motion to Dismiss is without merit and should be denied. If it is granted in any part, however, Plaintiff respectfully requests leave to amend to resolve any defects identified by the Court.

### A. The Relationship Between Plaintiff And Defendants

Plaintiff is a California corporation that originally operated under the name of L1 Technologies, Inc. (DKT #1-2 [hereinafter cited as "Compl."] at ¶ 1.) Bushnell Golf ("Bushnell") and Vista are Delaware corporations and Vista is the parent company of Bushnell. (Compl. at ¶¶ 2-3.) Plaintiff alleges that each of the defendants "were the agents and employees of the remaining Defendants and were at all times acting within the purpose and scope of said agency and employment." (Compl. at ¶ 6.) Plaintiff alleges that when it refers to Bushnell in the complaint it is including Vista as one and the same by virtue of being the parent company. (Compl. at ¶ 15.)

Plaintiff is in the golf technology business, and it operates and licenses golf-related GPS content. (Compl. at ¶ 11.) Specifically, Plaintiff develops, owns, and operates a GPS database for 40,000 golf courses worldwide, which demonstrates various information about golf courses for players. (Compl. at ¶ 12.) As part of its business, Plaintiff has designed GPS devices to be used via Bluetooth to allow consumers to use Plaintiff's devices as part of watches, handheld devices, speakers,

BORDIN SEMMER LLP
6100 CENTER DRIVE
SUITE 1100
LOS ANGELES, CA 90045
(323) 457-2110

1
PLAINTIFF'S OPPOSITION TO VISTA OUTDOOR, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

and other hardware. (Compl. at ¶ 13.) Plaintiff retains ownership of the intellectual property in the GPS devices through the "iGolf software system." (Compl. at ¶ 14.)

Bushnell sells golf accessory products, including GPS-enabled golf devices and speakers. (Compl. at ¶ 15.) Plaintiff and Bushnell have conducted business together since 2007. (Compl. at ¶ 16.) As part of their business relationship, Plaintiff and Bushnell entered into a License Agreement in 2011 ("2011 Agreement") that allowed Bushnell to utilize Plaintiff's data and devices. (Compl. at ¶ 17.) Plaintiff specifically alleges that the agreement was between Plaintiff and Bushnell and Vista. (Compl. at ¶¶ 51-52.)

As part of their agreement, Bushnell was required to avoid disclosing Plaintiff's confidential information, to provide indemnification for third party claims relating to products sold by Bushnell, and to provide Plaintiff with a right of first refusal with respect to handheld GPS devices. (Compl. at ¶ 17.) In 2013, Plaintiff and Bushnell executed an amendment ("2013 Amendment") that amended the royalty rates to be paid to Plaintiff and extended the term of the agreement until December 31, 2017. (Compl. at ¶ 18.)

In February of 2018, Plaintiff and Bushnell entered into an amendment ("2018 Amendment") that amended the royalty rates and extended the agreement between Plaintiff and Bushnell until February 1, 2021. (Compl. at ¶ 20.)

**B.      Defendants' Unauthorized Use Of Plaintiff's Intellectual Property**

In November of 2018, Bushnell approached Plaintiff about a patent application for one of Plaintiff's GPS devices, marketed as the "Bushnell Wingman," and Plaintiff declined to assign Bushnell its rights in that device. (Compl. at ¶¶ 21-23.) Despite Plaintiff's refusal to assign its intellectual property rights in Wingman, in 2019 Bushnell filed a patent application seeking a patent for the same technology. (Compl. at ¶ 22.) Bushnell's patent application contained Plaintiff's confidential and proprietary information and Bushnell falsely stated that Bushnell had invented the technology in the Wingman. (Compl. at ¶¶ 22-23.) The false statements of the origin

BORDIN SEMMER LLP
6100 CENTER DRIVE
SUITE 1100
LOS ANGELES, CA 90045
(323) 457-2110

of the Wingman were made by John DeCastro of both Bushnell and Vista and Vishak Sankaran of both Bushnell and Vista. (Compl. at ¶ 23.) Bushnell then publicly published the patent application containing Plaintiff's intellectual property. (Compl. at ¶ 23.)

In 2017, while the agreements between Bushnell and Plaintiff were still in effect, Bushnell initiated a business relationship with GolfLogix, Plaintiff's competitor that is also in the business of providing GPS data and mapping. (Compl. at ¶ 19.) In 2020, contrary to the terms of the 2011 Agreement and 2018 Amendment, and without abiding by the right of first refusal held by Plaintiff, Bushnell hired GolfLogix to provide GPS maps and developed new handheld GPS devices. (Compl. at ¶ 24.) Bushnell sold the GPS devices without a license from Plaintiff, without Plaintiff's authorization, and in spite of demands by Plaintiff that Bushnell cease and desist. (Compl. at ¶ 25.)

In April of 2021, Plaintiff and Bushnell entered into an addendum to the 2011 Agreement ("2021 Addendum") which extended the term of the 2011 Agreement until February 28, 2022 and provided for certain measures related to inventory upon expiration of the 2011 Agreement. (Compl. at ¶ 26.) After expiration of the 2011 Agreement, Bushnell continued to market Plaintiff's devices with Plaintiff's proprietary data, failed to comply with the inventory provisions of the 2021 Addendum, and failed to pay the royalty demanded by Plaintiff. (Compl. at ¶ 27.)

### C. The X18 Lawsuit

In 2017 and 2018, Bushnell began negotiating with X18 for purposes of X18 creating a golf GPS speaker that would use data licensed from Plaintiff and be marketed by Bushnell. (Compl. at ¶¶ 28-33.) When X18 was unable to produce a functional prototype, Bushnell ended the arrangement with X18. (Compl. at ¶¶ 34-35.) Thereafter, Bushnell moved forward with the Wingman device and began selling the device starting in 2020. (Compl. at ¶¶ 34-36.)

///

BORDIN SEMMER LLP
6100 CENTER DRIVE
SUITE 1100
LOS ANGELES, CA 90045
(323) 457-2110

3
PLAINTIFF'S OPPOSITION TO VISTA OUTDOOR, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

X18 then sued both Bushnell and Plaintiff. (Compl. at ¶ 37.) John DeCastro and Vishak Sankaran of both Bushnell and Vista acknowledged that the X18 lawsuit arose from Bushnell's sales of the Wingman device. (Compl. at ¶ 40.) Plaintiff tendered to Bushnell for defense and indemnity, but Bushnell refused to defend of indemnify Plaintiff for the claims brought by X18. (Compl. at ¶¶ 37-39.) Although X18 ultimately dismissed its claims against Plaintiff, Plaintiff incurred substantial costs to defend itself in the lawsuit. (Compl. at ¶¶ 41-42.)

### D. Plaintiff's Attempt To Make A Deal With Taylor Made

In late 2020, Plaintiff began discussions with the company Taylor Made about potentially marketing Plaintiff's products, including the Bluetooth speaker product. (Compl. at ¶¶ 43-45.) On the precipice of a deal, Taylor Made pulled out the negotiations on the grounds that it was concerned by the patents Bushnell had filed. (Compl. at ¶¶ 46-48.) Ultimately Plaintiff's deal with Taylor Made collapsed as a result of the public disclosures of Plaintiff's proprietary, confidential information by Bushnell in its improper patent applications. (Compl. at ¶ 49.)

### E. Plaintiff's Claims

Plaintiff alleges that it entered into contracts – the 2011 Agreement and subsequent amendments and addenda – with Bushnell and Vista. (Compl. at ¶¶ 51-52.) Plaintiff fulfilled all of its obligations under the contracts. (Compl. at ¶ 53.) Bushnell and Vista breached those contracts. (Compl. at ¶ 54.) Specifically, Bushnell and Vista falsely claimed ownership of Plaintiff's intellectual property, Bushnell and Vista publicly disclosed Plaintiff's proprietary information, entered into agreements with Plaintiff's competitors, and sold products using Plaintiff's intellectual property without permission and without paying a proper royalty, all in violation of the terms of the contract. (Compl. at ¶¶ 54-57.)

Plaintiff alleges that these acts by Bushnell and Vista constituted breach of contract and breach of the implied covenant of good faith and fair dealing. (Compl. at ¶¶ 50-69.) Plaintiff also alleges that Bushnell and Vista misappropriated Plaintiff's

trade secrets and used those trade secrets to manufacture and market products on its own as well as to manufacture products with Plaintiff's competitors. (Compl. at ¶¶ 70-80, 116-123.)

Plaintiff alleges that the actions of Bushnell and Vista, particularly with respect to the use of Plaintiff's intellectual property, resulted in the collapse of a prospective economic relationship between Plaintiff and Taylor Made. (Compl. at ¶¶ 81-105.)

Plaintiff seeks indemnity from Vista and Bushnell for the costs and fees expended by Plaintiff in the X18 lawsuit for which Vista and Bushnell were required to defend and indemnify Plaintiff. (Compl. at ¶¶ 124-130.)

## II. ARGUMENT

On a motion to dismiss, the Court treats "all factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1159 (9th Cir. 2012). A complaint is required to allege "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. The complaint must be sufficient to "give the defendant fair notice of what the claim is and grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Nayab v. Cap. One Bank* (USA), N.A., 942 F.3d 480, 496 (9th Cir. 2019). "The plausibility standard isn't a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *In re Bank of Am. California Unemployment Benefits Litig.*, No. 21-MD-2992-LAB-MSB, 2023 WL 3668535, at *4 (S.D. Cal. May 25, 2023).

///

BORDIN SEMMER LLP
6100 CENTER DRIVE
SUITE 1100
LOS ANGELES, CA 90045
(323) 457-2110

5
PLAINTIFF'S OPPOSITION TO VISTA OUTDOOR, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

### A. **Plaintiff Has Stated Specific Allegations As To Vista's Wrongful Acts And Liability**

Defendant argues that the Complaint fails to state specific allegations against Vista and that Plaintiff instead impermissibly relies on "group pleading."[1] Defendant is incorrect; a good-faith reading of the Complaint identifies precisely on what grounds Vista is to be held liable and provides all the notice Vista needs to defend itself.

Plaintiff alleges that it entered into a contract with both Bushnell and Vista, that Plaintiff performed all of its obligations, that Vista breached the contract, and that Plaintiff was harmed as a result of Vista's breaches. (Compl. at ¶¶ 51-59.) That is all that Plaintiff needs to allege to state a claim for breach of contract under California law. *See D'Arrigo Bros. of California v. United Farmworkers of Am.*, 224 Cal. App. 4th 790, 800 (2014).

Plaintiff alleges that Plaintiff had trade secrets, that Vista improperly disclosed those trade secrets, and that Plaintiff suffered damages as a result. (Compl. at ¶¶ 71-80.) That is all that Plaintiff needs to allege to state a claim for trade secret misappropriation under California law. *See Sargent Fletcher, Inc. v. Able Corp.*, 110 Cal. App. 4th 1658, 1665 (2003).

Plaintiff alleges that it had developed a prospective economic relationship with Taylor Made that would have benefitted Plaintiff, Vista knew of that relationship, Vista intentionally acted to disrupt that relationship, the relationship was disrupted, and Plaintiff was harmed as a result. (Compl. at ¶¶ 82-93.) That is all Plaintiff needs to allege to state a claim for intentional interference with prospective economic relations. *See Golden Eagle Land Inv., L.P. v. Rancho Santa Fe Assn.*, 19 Cal. App. 5th 399, 429 (2018). For a negligent interference claim, a plaintiff must also allege

---

[1] Vista does not address any particular cause of action in its Motion to Dismiss, and instead lumps together the claims, addresses the complaint as a whole, and appears to argue that all of the claims fail for the same reasons.

BORDIN SEMMER LLP
6100 CENTER DRIVE
SUITE 1100
LOS ANGELES, CA 90045
(323) 457-2110

1 that the defendant owed a duty of care to the plaintiff. *See id.* Plaintiff has alleged
2 that Vista had a duty not to disclose Plaintiff's proprietary information, and that
3 Vista breached that duty by publicly disclosing the information, which resulted in
4 Taylor Made pulling out of the deal. (Compl. at ¶¶ 95-104.) Plaintiff has thus alleged
5 tortious interference both as an intentional tort and a negligence tort theory.

In all of the claims alleged by Plaintiff – from breach of contract, to express indemnity, to tortious interference, and beyond – Plaintiff has specifically alleged that Vista had duties or obligations, that Vista breached those duties or obligations, that Vista engaged in conduct that was tortious or a breach of contract, and that Plaintiff was harmed by Vista's actions. Plaintiff's Complaint is more than sufficient to state a valid claim against Vista.

To the extent that Defendant seeks to challenge the *truth* of those allegations against Vista, that would violate a fundamental tenet of motion to dismiss practice: all allegations in the complaint are deemed to be true. *See Davis*, 691 F.3d at 1159.

### B. <u>Plaintiff Has Adequately Pleaded The Basis For Vista's Liability</u>

To the extent that Defendant argues that the complaint engages in improper "group pleading," Defendant misconstrues the applicable rule. In the *Better Homes Realty* case, the problem the District Court identified is that there was only a single allegation that contained the names of the individual defendants, and that all subsequent allegations referenced defendants generally *without alleging that the individual defendants were the agents of the corporate defendant. Better Homes Realty, Inc. v. Watmore*, No. 316CV01607BENMDD, 2017 WL 1400065, at *4 (S.D. Cal. Apr. 18, 2017). Given that the various defendants were separately liable on different theories, the lumping made it impossible to identify which claims were against which parties. *See id.*

Here, as discussed above, Plaintiffs have repeatedly and explicitly identified Vista's obligations, duties, acts, and breaches specifically and by name. Moreover, Plaintiff alleged that Vista and Bushnell were the agents of each other. (Compl. at ¶

BORDIN SEMMER LLP
6100 CENTER DRIVE
SUITE 1100
LOS ANGELES, CA 90045
(323) 457-2110

6.) Plaintiff alleges the relationship between Vista and Bushnell. (Compl. at ¶ 15.) Where the defendants are identified, their relationship alleged, and the claims are against all defendants equally, the pleading is adequate to survive a motion to dismiss. *See Niantic, Inc. v. Global++*, No. 19-CV-03425-JST, 2019 WL 8333451, at *4 (N.D. Cal. Sept. 26, 2019).

Defendant's suggestion that the defendants are lumped together "without reason" is meritless. Plaintiff alleges that both Vista and Bushnell were parties to the contract, that they both engaged in the wrongful conduct alleged by Plaintiff, and that their actions equally damaged Plaintiff. The reason the claims are against Vista and Bushnell together is because they are equally liable on the same theories. It would be pointless and a waste of time to separately allege claims against each defendant where their liability is the same and involves the same facts. To do so would be to regurgitate allegations and create a pleading with twice the causes of action when there is no reason to duplicate the claims by separate causes of action against each defendant.

### C. Vista And Bushnell May Be Held Jointly Liable On Agency And Other Theories As Parent And Subsidiary

Defendant also significantly overstates the principles applicable to parent-subsidiary liability. It is true, of course, that there is a general rule that a parent will not be held liable for the acts of a subsidiary. *E. & J. Gallo Winery v. EnCana Energy Servs., Inc.,* No. CVF03-5412 AWI LJO, 2008 WL 2220396, at *5 (E.D. Cal. May 27, 2008). There are at least three exceptions to the general rule, however: (a) where the parent and subsidiary are alter egos of each other; (b) where the subsidiary acts as an agent of the parent; and (c) "where the parent corporation aids, abets, or ratifies the acts of the subsidiary corporation." *Id.* Again, Defendant's argument that there are no allegations specific to Vista is false and ignores dozens of allegations in the complaint that specifically reference Vista.

///

BORDIN SEMMER LLP
6100 CENTER DRIVE
SUITE 1100
LOS ANGELES, CA 90045
(323) 457-2110

8
PLAINTIFF'S OPPOSITION TO VISTA OUTDOOR, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

As to Defendant's argument that Vista is not identified as a party in the contracts at issue, that would only affect the breach of contract claims, and not any of the other causes of action premised on tort. A parent company may be held liable, however, for a subsidiary's breach of contract on much the same basis as any other liability may be imputed between a parent and subsidiary corporation – such as agency. *See Cohen v. TNP 2008 Participating Notes Program, LLC*, 31 Cal. App. 5th 840, 862 (2019). Plaintiff has alleged a valid basis for holding Vista liable in this case. Vista has been given more than sufficient information to know what claims are brought against it and how it must defend itself. Vista's attempt to pretend that it is confused about what claims are brought against it should be soundly rejected.

### D. **Plaintiff Is Entitled To Leave To Amend**

If the Court concludes that the Complaint is inadequate in any way to state a claim against Vista, Plaintiff respectfully requests leave to amend. "As a practical matter, leave to amend is almost always granted by the court, at least once." Stevenson, et al., *Rutter Group Prac. Guide Fed. Civ. Pro. Before Trial* (Rutter Group 2023) § 9:286. "The standard for granting leave to amend is generous." *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011).

If the Court believes that Plaintiff must beef up its allegations so that Vista can understand what claims are being brought against it, and on what basis, Plaintiff could and would amend the complaint to make further allegations. Plaintiff can assert numerous allegations to show how Vista would be liable on both an agency and/or alter ego theory, why Vista is to be treated as party to the contract with Plaintiff, and how Vista engaged in conduct that gives rise to both contract and tort theories.

Plaintiff will allege and show, *inter alia*, that: (a) Vista itself made payments under the contract at issue and undertook contractual obligations and demanded

BORDIN SEMMER LLP
6100 CENTER DRIVE
SUITE 1100
LOS ANGELES, CA 90045
(323) 457-2110

PLAINTIFF'S OPPOSITION TO VISTA OUTDOOR, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

compliance;[2] (b) Bushnell is not a truly separate entity from Vista in that Vista itself engaged in the conduct at issue and uses Bushnell as a mere label for marketing its own golf-related products; (c) Vista and Bushnell share overlapping directors and officers; (d) Vista's officers and directors direct all of Bushnell's activities and held the entities out to the public as one and the same entity; (e) Vista does not meaningfully differentiate itself from Bushnell in its day-to-day affairs and when holding itself out to the public; and (e) Vista and the Bushnell entity commingle funds, share accounts, adopt each other's obligations, and make payments on behalf of each other to third parties without meaningfully differentiating between parent and subsidiary.

## III. CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that the Court deny Defendant's Motion to Dismiss. Plaintiff has stated viable and plausible claims against Defendant. Should the Court grant Defendant's Motion in any part, however, Plaintiff respectfully requests leave to amend.

Respectfully submitted,

Dated: September 26, 2023　　　　　　　　　BORDIN SEMMER LLP

By: _____
　　Joshua Bordin-Wosk
　　Justin F. Spearman
　　Attorneys for Plaintiff,
　　iGolf, Inc.

---

[2] For example, under the terms of the contract for which Defendant claims only Bushnell is a party, since 2017 royalty payments to Plaintiff were made by Vista, under Vista's name, and from Vista's accounts.

BORDIN SEMMER LLP
6100 CENTER DRIVE
SUITE 1100
LOS ANGELES, CA 90045
(323) 457-2110

# **PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 6100 Center Drive, Suite 1100, Los Angeles, California 90045.

On September 26, 2023, I served the within document(s) described as:

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO VISTA OUTDOOR, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

on the interested parties in this action as stated on the attached mailing list.

☐ (BY MAIL) By placing a true copy of the foregoing document(s) in a sealed envelope addressed as set forth on the attached mailing list. I placed each such envelope for collection and mailing following ordinary business practices. I am readily familiar with this Firm's practice for collection and processing of correspondence for mailing. Under that practice, the correspondence would be deposited with the United States Postal Service on that same day, with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business.

☒ (BY ELECTRONIC MAIL/ECF) I caused such document to be electronically transmitted via United States District Court, Southern District of California, which is then printed and maintained with the original documents in our office.

☐ (BY ELECTRONIC MAIL) I caused such document(s) to be Served to all Party/Parties through electronic means at the electronic addresses as set forth on the attached service list. Upon completion of transmission of said document(s), I did not receive an "undeliverable" receipt.

Executed on September 26, 2023, at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    Erin M. Woodard

1

**IGolf, Inc. v. Bushnell Holdings, Inc., et al.**
Case No. 3:23-cv-01595-L-BGS

**CLIENT:** IGOLF, INC.
**FILE NO.:** 4519.003

## SERVICE LIST

| | |
|---|---|
| Carla M. Wirtschafter<br>REED SMITH LLP<br>1901 Avenue of the Stars, Suite 700<br>Los Angeles, CA 90067<br><br>Tel: (213) 734-5200<br>Fax: (213) 734-5299<br>Email: cwirtschafter@reedsmith.com<br><br><br>*Attorneys for Defendants,*<br>*BUSHNELL HOLDINGS, INC., DBA*<br>*BUSHNELL GOLF AND VISTA OUTDOOR,*<br>*INC.* | |