| | |
|---|---|
| Carla M. Wirtschafter (SBN 292142)<br>Email: cwirtschafter@reedsmith.com<br>REED SMITH LLP<br>1901 Avenue of the Stars<br>Suite 700<br>Los Angeles, CA 90067<br>Telephone: (310) 734-5200<br>Facsimile: (310) 734-5299<br><br>Attorney for Defendants<br>Bushnell Holdings, Inc., dba Bushnell Golf and Vista Outdoor, Inc. | William S. Weltman (*admitted pro hac vice*)<br>Email: wweltman@reedsmith.com<br>REED SMITH LLP<br>10 South Wacker Drive, 40th Floor<br>Chicago, IL 60606-7507<br>Telephone: (312) 207-1000<br>Facsimile: (312) 207-6400<br><br>Attorney for Defendants<br>Bushnell Holdings, Inc., dba Bushnell Golf and Vista Outdoor, Inc |

# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IGOLF, INC., a corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>BUSHNELL HOLDINGS, INC., dba BUSHNELL GOLF; VISTA OUTDOORS, INC.; and DOES 1-25, inclusive,<br><br>    Defendants.<br><br>BUSHNELL HOLDINGS, INC., dba BUSHNELL GOLF,<br><br>    Counter-Plaintiff<br><br>    v.<br><br>IGOLF, INC.<br><br>    Counter-Defendant | **Case No.:** 3:23-cv-01595-L-BGS<br><br>**REPLY IN SUPPORT OF DEFENDANT VISTA OUTDOOR, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>Removed from the Superior Court of California in and for the County of San Diego, 37-2023-00032117-CU-BC-CTL on August 31, 2023<br><br>DATE: October 10, 2023<br>TIME: 10:30 a.m.<br>CTRM: 5B (5th Floor)<br><br>JUDGE: M. Jones Lorenz<br><br>Date of Removal: August 30, 2023<br><br>**[*Pursuant to Local Rules, no oral argument unless requested*]** |

# TABLE OF CONTENTS

| | | Page |
|---|---|---|
| I. | ARGUMENT | 1 |
| | A. The Complaint Fails to Sufficiently Plead an Exception to the General Rule Regarding Parent-Subsidiary Liability | 1 |
| | B. iGolf's Group Pleading Is Improper. | 4 |
| | C. iGolf Has Not Stated a Viable Claim Against Vista Under Rule 8(a)(2) or Rule 12(b)(6) | 6 |
| |    i. iGolf's Contract-Based Claims Fail Because Vista was not a Party to those Contracts | 7 |
| |    ii. iGolf's Tortious Interference Claim Also Fails Because the Alleged Tortious Action—Obtaining a Patent—Was Obtained by Bushnell Not Vista. | 8 |
| |    iii. iGolf's Remaining Claims Also Fail Because Each One is Based Solely on Conclusory, Legal Allegations | 9 |
| II. | CONCLUSION | 10 |

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ................................................................................................5

*Batzel v. Smith*,
    333 F.3d 1018 (9th Cir. 2003) ..................................................................................4

*Better Homes Realty, Inc. v. Watmore*,
    No. 3:16-cv-01607-BEN-MDD, 2017 U.S. Dist. LEXIS 59982 (S.D.
    Cal. Apr. 18, 2017) ..................................................................................................5

*Doe v. Unocal Corp.*,
    248 F.3d 915 (9th Cir. 2001) ....................................................................................4

*E. & J. Gallo Winery v. EnCana Energy Servs., Inc.*,
    No. CVF03-5412 AWI LJO, 2008 U.S. Dist. LEXIS 46927 (E.D. Cal.
    May 23, 2008) ..........................................................................................................2

*Eastman v. Apple Inc.*
    No. 18-cv-05929-JST, 2018 U.S. Dist. LEXIS 194487 (N.D. Cal.
    Nov. 14, 2018) ..........................................................................................................8

*Fayer v. Vaughn*,
    649 F.3d 1061 (9th Cir. 2011) ..................................................................................9

*Firstmark Capital Corp. v. Hempel Fin. Corp.*,
    859 F.2d 92 (9th Cir. 1988) ......................................................................................3

*Freidman v. Massage Envy Franchising, LLC*,
    No. 3:12-cv-02962-L-RBB, 2013 U.S. Dist. LEXIS 84250 (S.D. Cal.
    June 13, 2013) ..........................................................................................................3

*Imageline, Inc. v. CafePress.com, Inc.*,
    No. CV 10-9794 PSG, 2011 U.S. Dist. LEXIS 39828 (C.D. Cal. Apr.
    6, 2011) .....................................................................................................................3

*Masimo Corp. v. Sotera Wireless*,
    No. 19-cv-01100-BAS-NLS, 2020 U.S. Dist. LEXIS 81873 (S.D. Cal.
    May 8, 2020) .........................................................................................................3, 4

REPLY IN SUPPORT OF DEFENDANT VISTA OUTDOOR, INC.'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT

*Muhammed v. Reese Law Grp., APC*,
    No. 16cv2513-MMA (BGS), 2017 U.S. Dist. LEXIS 64274 (S.D. Cal.
    Apr. 27, 2017) ............................................................................................................7

*Niantic, Inc. v. Global++*,
    No. 19-cv-03425-JST, 2019 U.S. Dist. LEXIS 229892 (N.D. Cal.
    Sept. 26, 2019) ........................................................................................................5, 6

*Palomares v. Bear Sterns Residential Mortg. Corp.*,
    No. 07cv01899 WGH (BLM), 2008 U.S. Dist. LEXIS 19407 (S.D.
    Cal. Mar. 13, 2008) ......................................................................................................3

*Saaiman v. Am. Gen. Life. Ins. Co.*,
    No. 18-cv-596-BTM-AGS, 2019 U.S. Dist. LEXIS 70265 (S.D. Cal.
    Apr. 25, 2019) ..............................................................................................................4

*Sargent v. S. Cal. Edison 401(k) Sav. Plan*,
    No. 20-cv-1296-MMA (RBB), 2021 U.S. Dist. LEXIS 19893 (S.D.
    Cal. Feb. 2, 2021) ........................................................................................................7

*Stewart v. Kodiak Cakes, LLC*,
    537 F. Supp. 3d 1103 (S.D. Cal. 2021) .................................................................... 7, 9

*Tamraz v. Bakotic Pathology Assocs., LLC*,
    No. 22-cv-0725-BAS-WVG, 2022 U.S. Dist. LEXIS 208345 (S.D.
    Cal. Nov. 16, 2022) ......................................................................................................2

*Thomas v. Taco Bell Corp.*,
    582 F. App'x 678 (9th Cir. 2014) .................................................................................4

*United States v. Ritchie*,
    342 F.3d 903 (9th Cir. 2003) ........................................................................................7

*Williams v. Yamaha Motor Co.*,
    851 F.3d 1015 (9th Cir. 2017) ......................................................................................3

**Rules**

Fed. R. Civ. P. 8(a)(2) .............................................................................................. 1, 5, 6

Fed. R. Civ. P. 12(b)(6) ............................................................................................. 1, 6, 9

REPLY IN SUPPORT OF DEFENDANT VISTA OUTDOOR, INC.'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Plaintiff iGolf Inc.'s ("iGolf") opposition ("Opposition") does not, and cannot, justify the many defects in its attempts to plead a viable claim against Defendant Vista Outdoor, Inc. ("Vista"). iGolf seeks to disregard the well-established rule of corporate separateness simply and solely based on its allegation that Vista is the parent company of Defendant Bushnell Holdings Inc. dba Bushnell Golf ("Bushnell"). That is insufficient. Corporate separateness may only be set aside if there are sufficient factual allegations pled to invoke one of three very limited exceptions. But the Complaint is devoid of *any* such allegations. Instead, iGolf relies upon a conclusory claim, without a single supporting factual allegation, that Vista and Bushnell are agents of one another. Even if that were well-pled (and it is not), it would not be enough to fall within one of these limited exceptions. Relatedly, and presumably based on iGolf's unsupported presumption that Vista and Bushnell are essentially one in the same, iGolf argues that its group pleading is proper. That is again incorrect. iGolf's Opposition confirms, rather than meaningfully disputes, that it lacks the necessary allegations to plead a single viable claim against Vista. As a result, iGolf's Complaint should be dismissed pursuant to Rules 8(a)(2) and 12(b)(6) of the Federal Rules of Civil Procedure.

## I. ARGUMENT

### A. The Complaint Fails to Sufficiently Plead an Exception to the General Rule Regarding Parent-Subsidiary Liability

According to iGolf, it is a foregone conclusion that Bushnell's alleged actions can be imputed to Vista simply because it is Bushnell's corporate parent. Complaint ("Compl.") at ¶ 15; *see also* iGolf's Opposition to Vista's Motion to Dismiss ("Opp.") at 1. iGolf recognizes, as it must, that by law, parent and subsidiary corporations are independent and separate entities. Although iGolf notes the limited recognized exceptions to this rule in its Opposition, it tellingly makes no effort to point to any well-pled allegations in the Complaint that would satisfy, or even implicate, any such exception. In fact, iGolf has not pled a single fact that would allow the Court to

REPLY IN SUPPORT OF DEFENDANT VISTA OUTDOOR, INC.'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT

disregard the corporate separateness of Vista and Bushnell.  *See* Opp. at 8 (citing *E. & J. Gallo Winery v. EnCana Energy Servs., Inc.,* No. CVF03-5412 AWI LJO, 2008 U.S. Dist. LEXIS 46927, at *14 (E.D. Cal. May 23, 2008)).  Indeed, the case iGolf relies upon for its position demonstrates that iGolf faces an uphill battle.  The court emphasized that it is "only in unusual circumstances" that the law will permit a finding of vicarious liability on behalf of a parent corporation, and held that there was insufficient evidence to support an exception and hold the parent liable for the acts of its subsidiary.  *See E. & J. Gallo Winery*, 2008 U.S. Dist. LEXIS 46927, at *13, *77; s*ee also Tamraz v. Bakotic Pathology Assocs., LLC*, No. 22-cv-0725-BAS-WVG, 2022 U.S. Dist. LEXIS 208345, at *8-9 (S.D. Cal. Nov. 16, 2022) (granting a motion to dismiss where a complaint failed to plead any exception to the general rule of corporate separateness and finding the indiscriminate group pleading to be fatal).

If iGolf intends to avail itself of an exception to the corporate separateness rule, it must do more than simply tell the Court that exceptions exist.  It is also not sufficient to rely upon baseless legal conclusions asserted for the first time in an Opposition brief.  Complaints cannot be amended through motion to dismiss briefing.  It is iGolf's obligation to affirmatively plead facts to form the basis of an applicable exception it intends to invoke.  Even the most cursory review of the Complaint reveals that iGolf does no such thing.

iGolf relies on its conclusory allegation that it "is informed and believes … that at all times herein mentioned each of the Defendants … were the agents and employees of each of the remaining Defendants …" Compl. at ¶ 6.  This is the sole allegation regarding a supposed agency relationship and is based solely upon speculative belief, not facts.  It is not even limited to Bushnell and Vista—it includes the other **unnamed defendants** as well.  *Id*.  iGolf seems to believe this is alone sufficient.  *See* Opp. at 7 ("Moreover, Plaintiff alleged that Vista and Bushnell were the agents of each other. (Compl. at ¶ 6)").  But alleging a belief that parties are agents of one another does not make it so, and bare legal conclusions are not well-pled and need not be credited as

REPLY IN SUPPORT OF DEFENDANT VISTA OUTDOOR, INC.'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT

true when faced with a motion to dismiss. *See Williams v. Yamaha Motor Co.*, 851 F.3d 1015, 1025 n.5 (9th Cir. 2017) (rejecting conclusory agency allegation almost identical to iGolf's— that defendants were each other's agents/employees and were accordingly responsible for each other's acts).

Rather, "[t]o sufficiently plead an agency relationship, a plaintiff must allege facts demonstrating the principal's control over its agent." *Freidman v. Massage Envy Franchising, LLC*, No. 3:12-cv-02962-L-RBB, 2013 U.S. Dist. LEXIS 84250, at *9-10 (S.D. Cal. June 13, 2013) (citing *Imageline, Inc. v. CafePress.com, Inc.,* No. CV 10-9794 PSG (MANx), 2011 U.S. Dist. LEXIS 39828, at *12 (C.D. Cal. Apr. 6, 2011)). A plaintiff must plead facts showing "1) that the agent or apparent agent holds power to alter legal relations between principal and third persons and between principal and himself; 2) that the agent is a fiduciary with respect to matters within scope of agency; and 3) that the principal has right to control conduct of agent with respect to matters entrusted to him." *Palomares v. Bear Sterns Residential Mortg. Corp.,* No. 07cv01899 WGH (BLM), 2008 U.S. Dist. LEXIS 19407, at *10-11 (S.D. Cal. Mar. 13, 2008). iGolf does not allege any of these aspects of control, much less supporting facts. Indeed, iGolf does not even plead which one of Bushnell or Vista is the agent versus the principal, but incomprehensibly insists that they are agents of each other.

iGolf similarly lacks allegations that could support the alter ego exception, which is not even mentioned in the Complaint. "A plaintiff seeking to invoke the alter ego doctrine must allege: (1) that there is such a unity of interest and ownership between a subsidiary and its parent corporation that the separate personalities of the two do not exist; and (2) that failure to disregard the corporate form would sanction a fraud or promote injustice." *Masimo Corp. v. Sotera Wireless*, No. 19-cv-01100-BAS-NLS, 2020 U.S. Dist. LEXIS 81873, at *15-16 (S.D. Cal. May 8, 2020) (quoting *Firstmark Capital Corp. v. Hempel Fin. Corp.*, 859 F.2d 92, 94 (9th Cir. 1988)). Conclusory legal allegations of alter ego status are not enough—there must be *facts* to support both elements. *Id.* at *16. iGolf suggests it could make such allegations on

– 3 –

REPLY IN SUPPORT OF DEFENDANT VISTA OUTDOOR, INC.'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT

the basis that it purportedly received some payment from a Vista account. *See* Opp. at 10 n.2. This allegation appears nowhere in the Complaint, and, even if true, would in any event be insufficient to plead the type of unity of interest and ownership necessary to allege an alter ego relationship. *See Doe v. Unocal Corp.*, 248 F.3d 915, 927 (9th Cir. 2001) ("A parent corporation may be directly involved in financing and macro-management of its subsidiaries, however, without exposing itself to a charge that each subsidiary is merely its alter ego"); *see also Saaiman v. Am. Gen. Life. Ins. Co.*, No. 18-cv-596-BTM-AGS, 2019 U.S. Dist. LEXIS 70265, at *13-14 (S.D. Cal. Apr. 25, 2019) (finding the alter ego exception insufficiently plead where the complaint did not plead facts to show that the parent was "controlling the operations or decision-making" of the subsidiary or that injustice would occur if the corporate form was honored).

Similarly, iGolf has not pled any allegations that would implicate the third and final exception allowing a court to disregard corporate separateness—where a parent corporation allegedly aids, abets, or ratifies the actions of a subsidiary. Moreover, this exception is only considered where a principal-agent relationship is adequately alleged. *See Thomas v. Taco Bell Corp.*, 582 F. App'x 678, 680 (9th Cir. 2014) (quoting *Batzel v. Smith,* 333 F.3d 1018, 1036 (9th Cir. 2003)). For all the reasons set forth above, iGolf's Complaint falls far short in this regard.

Simply put, iGolf has not alleged a single fact that would allow this Court to disregard Bushnell's and Vista's corporate separateness and impute its allegations against Bushnell to Vista.

**B. iGolf's Group Pleading Is Improper.**

Without allegations that would support disregarding the basic rule of corporate separateness, iGolf's reliance on group pleading is plainly improper.

In its Opposition, iGolf makes a poor attempt at sleight of hand, stating that there are indeed "allegations that specifically reference Vista." Opp. at 8. iGolf cannot satisfy Rule 8(a)(2)'s notice requirement by merely ***referencing*** Vista. Rather, a plaintiff "must ***identify what action*** each Defendant took that caused Plaintiff's harm,

– 4 –

without resort to generalized allegations against Defendants as a whole." *Niantic, Inc. v. Global++*, No. 19-cv-03425-JST, 2019 U.S. Dist. LEXIS 229892, at *12 (N.D. Cal. Sept. 26, 2019) (emphasis added) (citation omitted). iGolf's "references" to Vista in each cause of action are conclusions devoid of facts. Indeed, iGolf alleges in each count that "Bushnell, Vista, and/or DOES 1-25" took each and every action complained of. *See* Compl. at ¶¶ 51-137. The Court need not accept these unspecific conclusions as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). And the more detailed factual allegations incorporated by reference into each cause of action (Compl. at ¶¶ 16-49) are pure group pleading, in which iGolf refers to "Bushnell" which it claims includes and incorporates Vista as Bushnell's parent. *Id.* at ¶ 15. Not a single allegation in the Complaint, factual or conclusory, alleges what Vista did that is at issue in the Complaint aside from existing as Bushnell's corporate parent.

Group pleading is impermissible when it fails to adequately put defendants on notice by making it "exceedingly difficult, if not impossible, for individual Defendants to respond to Plaintiff['s] allegations." *Better Homes Realty, Inc. v. Watmore*, No. 3:16-cv-01607-BEN-MDD, 2017 U.S. Dist. LEXIS 59982, at *9-10 (S.D. Cal. Apr. 18, 2017) (internal quotation marks and citation omitted). iGolf seems to believe that alleging any type of relationship between defendants then allows it to group plead with impunity. Opp. at 8. Not so. *Better Homes,* and the other cases Vista cited in its opening brief, establishes that "cursory references to … individual defendants and the allegations against all defendants generally fail to give the individual defendants notice of their infringing acts that caused harm to Plaintiff." 2017 U.S. Dist. LEXIS 59982*,* at *11. Contrary to iGolf's assertions, *Better Homes* did not involve any decision about agency allegations being sufficient. *Id.* at *10-11.

iGolf's own case law does not justify its improper group pleading. *Niantic* is inapposite, as the plaintiff's allegations in that case were far more specific. 2019 U.S. Dist. LEXIS 229892, at *11-14. The complaint at issue in *Niantic* detailed the roles of each defendant, and contained detailed explanations as to how each defendant

– 5 –

REPLY IN SUPPORT OF DEFENDANT VISTA OUTDOOR, INC.'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT

contributed to the plaintiff's alleged harm, and how each defendant distributed, promoted, and profited from the alleged harm. *Id.* at *12-13. It is for this reason that the court found the allegations to be sufficient, not simply because "the defendants are identified, their relationship alleged, and the claims are against all defendants equally," as iGolf would have this Court believe. Opp. at 8. iGolf's Complaint, in contrast, contains none of these required details.

iGolf's group pleading is improper and fails to state facts alerting Vista to what it is alleged to have done aside from be the ultimate parent company of Bushnell. Although iGolf states that it has "repeatedly and explicitly identified Vista's obligations, duties, acts, and breaches specifically and by name," Opp. at 7, the actual language of the Complaint belies iGolf's assertions. Vista is not mentioned alone ***once***, aside from the jurisdictional allegations. *See generally* Compl.[1] And iGolf's vague and confusing contentions that Bushnell, Vista, "and/or" the Doe defendants entered into contracts with it and took other alleged actions do not satisfy Rule 8(a). The claims against Vista should be dismissed.

### C. iGolf Has Not Stated a Viable Claim Against Vista Under Rule 8(a)(2) or Rule 12(b)(6)

Without being able to rely on an exception to corporate separateness or group pleading, iGolf is without specific allegations against Vista to support any of its claims. iGolf states that a "good-faith reading" of the Complaint "identifies precisely on what grounds Vista is to be held liable." Opp. at 7. To the contrary—a plain reading of the Complaint strongly indicates otherwise.

///

///

---

[1] To the extent that iGolf now purports to be able to amend the Complaint to put forth allegations that Vista took any actions related to iGolf's cause of actions, this only serves to highlight the deficient nature of its Complaint as currently written.

– 6 –

### i. iGolf's Contract-Based Claims Fail Because Vista was not a Party to those Contracts.

To salvage its breach of contract, breach of the duty of good faith and fair dealing, and contractual indemnity claims against Vista, iGolf points to allegations that it "entered into a contract with both Bushnell and Vista …, that Vista breached the contract, and that Plaintiff was harmed as a result of Vista's breaches." Opp. at 7. The Complaint does not say this—the Complaint alleges that iGolf entered into contracts with "Bushnell, Vista, and/or" the Doe defendants. *See* Compl. at ¶ 51. Moreover, even if iGolf did allege that it entered into contracts with both Bushnell and Vista, such allegations are directly contradicted by the very contracts that form the basis of iGolf's claims. Courts need not credit allegations that are contradicted by documents attached to or referenced in the complaint as true—the documents (here, the contracts) trump the allegations. *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *see also Sargent v. S. Cal. Edison 401(k) Sav. Plan*, No. 20-cv-1296-MMA (RBB), 2021 U.S. Dist. LEXIS 19893, at *19 (S.D. Cal. Feb. 2, 2021) ("A court does not accept as true allegations contradicted by documents referred to in a complaint."); *Stewart v. Kodiak Cakes, LLC*, 537 F. Supp. 3d 1103, 1128-29 (S.D. Cal. 2021) (same); *Muhammed v. Reese Law Grp., APC*, No. 16cv2513-MMA (BGS), 2017 U.S. Dist. LEXIS 64274, at *7-8 (S.D. Cal. Apr. 27, 2017) (same). Vista is not and never was a party to any of the contracts, and, for the reasons set forth in Vista's opening brief, iGolf cannot plausibly allege that Vista breached contracts to which it is not and never was a party. *See* Exhibits 1-4 to the Declaration of William Weltman in support of Vista's Motion to Dismiss ("Weltman Dec.") (Dkt. 6-2).

As such, iGolf's First, Second, Eighth, and Ninth Causes of Action for Breach of Contract, Breach of the Implied Covenant of Good Faith and Fair Dealing, Express Indemnity, and Declaratory Judgment (premised on the Express Indemnity claim) must be dismissed with prejudice because all depend on the existence of a contract between iGolf and Vista. No such contract exists.

### ii. iGolf's Tortious Interference Claim Also Fails Because the Alleged Tortious Action—Obtaining a Patent—Was Obtained by Bushnell Not Vista.

iGolf's tortious interference claims, intentional and negligent, are premised exclusively on alleged actions taken in obtaining patents. *See* Compl. at ¶¶ 88-90, 102-103. Here again, iGolf claims that because its Complaint states the elements of these claims, it has done all it needs to do. But like the contract-based claims, these conclusory allegations are contradicted by documents referenced in the Complaint—here, the patents. *See Eastman v. Apple Inc.* No. 18-cv-05929-JST, 2018 U.S. Dist. LEXIS 194487, at *16, *19 (N.D. Cal. Nov. 14, 2018) (granting a motion to dismiss where the patent documents submitted with the complaint contradicted allegations within the complaint). Indeed, iGolf does not allege a single fact regarding any purported involvement by Vista in securing the patents at issue in the Complaint. Nor does iGolf claim that Vista specifically was aware of any potential business relationship between iGolf and Taylor Made and interfered in any such relationship by virtue of its actions in filing for and receiving these patents. As is evident from the patents referenced in the Complaint, which iGolf tellingly failed to attach, Vista was not the patenting company. *See* Exhibits 5-9 to Weltman Dec.

iGolf's remaining allegations with respect to these claims are conclusory, devoid of specific facts, and insufficient to defeat a motion to dismiss. With respect to tortious interference, iGolf concludes: "Bushnell, Vista and/or DOES 1-25 … intentionally interfered with an economic relationship …."; Bushnell, Vista and/or DOES 1-25 … knew of iGolf's relationship with Taylor Made, and…intended to disrupt the relationship …."; "iGolf Intellectual Property was a trade secret …."; Bushnell, Vista, and/or DOES 1-25 … failed to act with reasonable care by engaging in wrongful conduct …." *See* Compl. at ¶¶ 82, 85, 86, 99. Here again, even assuming these actually allege that Vista took these actions as opposed to the other defendants, they are naked legal conclusions and cannot be taken as true to defeat a motion to dismiss. *Fayer v.*

– 8 –
REPLY IN SUPPORT OF DEFENDANT VISTA OUTDOOR, INC.'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT

*Vaughn,* 649 F.3d 1061, 1064 (9th Cir. 2011); *Stewart,* 537 F. Supp. 3d at 1128. As such, iGolf's Fourth and Fifth Causes of Action for Intentional and Negligent Tortious Interference should be dismissed.

### iii. iGolf's Remaining Claims Also Fail Because Each One is Based Solely on Conclusory, Legal Allegations

iGolf's remaining claims fail for the same reasons. As to iGolf's trade secret claim, iGolf argues that it alleged "Plaintiff had trade secrets, that Vista improperly disclosed those trade secrets, and that Plaintiff suffered damages as a result…That is all Plaintiff needs to allege to state a claim for trade secret misappropriation under California law." Opp. at 6. These are, again, conclusory and pled as though Bushell *or* Vista *or* the other defendants took some vague and undefined action. *See* Compl. at ¶¶ 71, 73, 74. The same is true of iGolf's unfair competition claim, which contains legal conclusions that "Bushnell, Vista, and/or" the Doe defendants violated the UCL and breached contracts. *Id.* at ¶¶ 108, 109, 110. iGolf's intentional misrepresentation claim suffers the same flaws. It is based wholly on legal conclusions that "Bushnell, Vista, and/or" the Doe defendants made unspecified representations that were false, and which were made with the intention to mislead or made in reckless disregard of the truth. Compl. at ¶¶ 117-119. These are legal conclusions that cannot simply be credited as true. iGolf's Complaint does not plead any specific facts to state any of these claims against Vista. iGolf does not state what it claims Vista did that misappropriated any trade secrets, how Vista violated the UCL (it cannot have breached any contracts for the reasons set forth above) or what statements Vista made that were false. As such, iGolf's Third, Sixth, and Seventh causes of action are deficient under Rule 12(b)(6) and should be dismissed.

/ / /

/ / /

/ / /

/ / /

– 9 –

## II. CONCLUSION

iGolf states that it utilized the group pleading throughout the motion so that it could save the time. *See* Opp. at 9. In reality, it utilized group pleading in a poor attempt to hide the fact that it brought claims against a corporate parent that took no part in the underlying factual circumstances, and against which iGolf has no viable claim. In the end, these group pleadings have accomplished nothing and instead forced the parties and the Court to needlessly expend valuable time and resources. iGolf has not cited a single case suggesting that it is allowed to rely on undifferentiated group pleading based solely on the existence of a parent/subsidiary relationship, and allege that one defendant and/or another took the actions that form the basis of its claims, and still satisfy Rule 8(a) and Rule 12(b)(6). Vista has similarly located no such case.

Because the Complaint fails to allege viable claims against Vista, Vista respectfully requests that the Complaint be dismissed under Rule 8(a)(2) and Rule 12(b)(6) and must be dismissed.

DATED: October 3, 2023

Respectfully submitted,

REED SMITH LLP

By: */s/ Carla M. Wirtschafter*
Carla M. Wirtschafter

E-mail: cwirtschafter@reedsmith.com
REED SMITH LLP
1901 Avenue of the Stars, Suite 700
Los Angeles, CA 90067
Telephone: (213) 734-5200
Facsimile: (213) 734-5299

William S. Weltman (admitted *pro hac vice*)
Email: wweltman@reedsmith.com
REED SMITH LLP
10 South Wacker Drive, 40th Floor
Chicago, IL 60606-7507
Telephone: (312) 207-1000

– 10 –
REPLY IN SUPPORT OF DEFENDANT VISTA OUTDOOR, INC.'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Facsimile (312) 207-6400

*Attorneys for Defendants*
*Bushnell Holdings, Inc., dba Bushnell Golf and Vista Outdoor, Inc.*

# CERTIFICATE OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. I am employed in the office of a member of the bar of this court at whose direction the service was made. My business address is REED SMITH LLP, 1901 Avenue of the Stars, Suite 700, Los Angeles, CA 90067. On October 3, 2023, I served the following document(s) by the method indicated below:

**REPLY IN SUPPORT OF DEFENDANT VISTA OUTDOOR, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

☐ **BY MAIL** – by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in this Declaration.

☐ **BY ELECTRONIC MAIL** – by transmitting via email to the parties at the email addresses listed below:

☒ **BY CM/ECF** – Pursuant to FRCP 5(b)(2)(D), I caused this document to be electronically filed with the Clerk of the Court using the CM/ECF system, which sent notification of this filing and service to the parties appearing on the electronic service list**.**

Bordin Semmer LLP
Joshua Bordin-Wosk
Justin F. Spearman
Howard Hughes Center
6100 Center Drive, Suite 1100
Los Angeles, CA 90045
Phone: (323) 457-2110
Fax: (323) 457-2120
Email: jbordinwosk@bordinsemmer.com; jspearman@bordinsemmer.com

*Attorneys for Plaintiff IGOLF, INC*.

– 12 –

I declare under penalty of perjury under the laws of the United States that the above is true and correct. Executed on October 3, 2023, at Los Angeles, California.

_____
Aida Turner