BORDIN SEMMER LLP
Joshua Bordin-Wosk, State Bar No. 241077
jbordinwosk@bordinsemmer.com
Justin F. Spearman, State Bar No. 305785
jspearman@bordinsemmer.com
Howard Hughes Center
6100 Center Drive, Suite 1100
Los Angeles, CA 90045
Phone:    (323) 457-2110
Fax:       (323) 457-2120

Attorneys for Plaintiff/Counter Defendant,
IGOLF, INC.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IGOLF, INC., a corporation.,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>BUSHNELL HOLDINGS, INC., dba BUSHNELL GOLF; VISTA OUTDOORS, INC.; and DOES 1-25, inclusive,<br><br>　　　　Defendants. | **Case No.: 3:23-cv-01595-L-BGS**<br><br>**PLAINTIFF/COUNTER-DEFENDANT IGOLF, INC.'S ANSWER TO DEFENDANT/COUNTER-PLAINTIFF BUSHNELL HOLDINGS, INC. DBA BUSHNELL GOLF'S COUNTERCLAIM**<br><br>Judicial Officer: Hon. M. James Lorenz |

BORDIN SEMMER LLP
6100 CENTER DRIVE
SUITE 1100
LOS ANGELES, CA 90045
(323) 457-2110

PLAINTIFF/COUNTER-DEFENDANT IGOLF, INC.'S ANSWER TO DEFENDANT/COUNTER-PLAINTIFF BUSHNELL HOLDINGS, INC. DBA BUSHNELL GOLF'S COUNTERCLAIM

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**COMES NOW** Plaintiff/Counter-Defendant IGOLF, INC. ("iGolf"), for its answer and affirmative defenses to the Counterclaim of Defendant/Counter-Plaintiff BUSHNELL HOLDINGS, INC. dba BUSHNELL GOLF ("Bushnell").

## PARTIES

1. Defendant/Counter-Plaintiff Bushnell is a Delaware Corporation with its principal place of business in Overland Park, Kansas.

**ANSWER: On information and belief, admitted.**

2. Plaintiff/Counter-Defendant L1 is a California Corporation with its principal place of business in San Diego California.

**ANSWER: Admitted that iGolf, formerly known as L1 Technologies, is a California Corporation with its principal place of business in San Diego California.**

## JURISDICTION AND VENUE

3. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 based on diversity of citizenship and the amount in controversy exceeding $75,000 (exclusive of interest and costs).

**ANSWER: The allegations in Paragraph 3 constitute legal conclusions to which no response is required.**

4. Upon information and belief, venue is proper pursuant to 28 U.S.C. § 1391(b)(1) as L1 maintains its principal place of business in San Diego, California.

**ANSWER: The allegations in Paragraph 4 constitute legal conclusions to which no response is required.**

///
///
///
///
///

BORDIN SEMMER LLP
6100 CENTER DRIVE
SUITE 1100
LOS ANGELES, CA 90045
(323) 457-2110

## FACTUAL BACKGROUND

### *The Parties' Relevant Contractual Agreements*

5. On or about January 25, 2011, Bushnell and L1, iGolf's predecessor, entered into a Technology Development and License Agreement (the "Development Agreement"), which documented among other items, the terms on which Bushnell and L1 would develop new products and the use of L1's golf course map data in those products.

**ANSWER: iGolf admits that iGolf and Bushnell entered into a Technology Development and License Agreement on or about January 25, 2011, but denies that L1 is or was iGolf's "predecessor." Unless expressly admitted herein, iGolf denies the remaining allegations of this Paragraph 5.**

6. Section 8.1 of the Development Agreement provides Bushnell with indemnification rights against L1.

**ANSWER: iGolf admits that Section 8.1 of the Development Agreement provides Bushnell with limited indemnity rights as set forth in the contract, but denies Bushnell was entitled to any such indemnification from iGolf and denies that the Development Agreement, which expired in December 2011 and related only to specific products, has any relevance to the subject matter of the present action.**

7. Section 8.1 of the Development Agreement allows for Bushnell to seek and receive indemnification from L1 for all damages, costs, expenses, and Liabilities (as defined in the Development Agreement) that arise out of, result from, or are incurred in connection with (1) L1's or its employees' or representatives' breach of the Development Agreement, including the breach of representations or warranties in the Development Agreement; (2) any act of gross negligence, willful misconduct, or bad faith by L1 or its agents or representatives; and (3) any and all third party claims arising out of L1's failure to discharge its obligations under the Development Agreement.

BORDIN SEMMER LLP
6100 CENTER DRIVE
SUITE 1100
LOS ANGELES, CA 90045
(323) 457-2110

**ANSWER: iGolf admits that Bushnell paraphrases the terms set forth in Section 8.1, but denies Bushnell was entitled to any such indemnification from iGolf and denies that the Development Agreement, which expired in December 2011 and related only to specific products, has any relevance to the subject matter of the present action.**

8. On or about December 30, 2011, Bushnell and L1 entered into a License Agreement (the "License Agreement"), which exclusively documented among other items, the terms upon which Bushnell would have a license to utilize L1's golf course map data in Bushnell golf products.

**ANSWER: iGolf admits that it entered into a License Agreement on or about December 30, 2011. Unless expressly admitted herein, iGolf denies the remaining allegations of this Paragraph 8.**

9. The License Agreement did not contain or displace any of the development terms of the Development Agreement and exclusively dealt with the licensing of L1's golf course map data.

**ANSWER: Denied.**

10. Section 7.1 of the License Agreement provides Bushnell with indemnification rights against L1.

**ANSWER: iGolf admits that Section 7.1 of the License Agreement provides Bushnell with limited indemnity rights as set forth in the contract, but denies Bushnell was entitled to any such indemnification from iGolf.**

11. Section 7.1 of the License Agreement allows for Bushnell to seek and receive indemnification from L1 for all damages, costs, expenses, and Liabilities (as defined in the License Agreement) that arise out of, result from, or are incurred in connection with (1) L1's or its employees' or representatives' breach of the License Agreement, including the breach of representations or warranties in the License Agreement; (2) any act of gross negligence, willful misconduct, or bad faith by L1 or its agents or representatives; and (3) any and all third party claims arising out of L1's

BORDIN SEMMER LLP
6100 CENTER DRIVE
SUITE 1100
LOS ANGELES, CA 90045
(323) 457-2110

failure to discharge its obligations under the License Agreement.

**ANSWER: iGolf admits that Bushnell paraphrases the terms set forth in Section 7.1, but denies Bushnell was entitled to any such indemnification from iGolf.**

12. On or about February 28, 2018, both the Development Agreement and License Agreement were amended through an Addendum (the "2018 Addendum"). The 2018 Addendum extended the term of both the Development and License Agreement three years from the effective date of February 1, 2018.

**ANSWER: Admitted.**

13. The 2018 Addendum did not displace the indemnification provisions of the Development Agreement or License Agreement.

**ANSWER: Admitted.**

*The X18 Litigation*

14. On information and belief, on August 7, 2020, Extreme 18, LLC ("X18) filed a lawsuit against L1 in the Superior Court of California for the County of San Diego for breach of an NDA, misappropriation of trade secrets, unfair competition, and interference with prospective economic advantage.

**ANSWER: iGolf admits that Bushnell paraphrases the allegations set forth by X18 in the lawsuit, but denies X18's allegations.**

15. On August 28, 2020, X18 filed a complaint against Bushnell in the United States District Court for the District of Delaware.

**ANSWER: On information and belief, admitted.**

16. Following a stipulation by Bushnell and X18, on October 23, 2020, X18 filed its First Amended Complaint against L1 and Bushnell in the Superior Court of California for the County of San Diego, containing claims against Bushnell and L1 for misappropriation of trade secrets, breach of Bushnell and L1's respective NDAs with X18, unfair competition, and a claim solely against L1 for intentional interference with prospective economic advantage.

4

PLAINTIFF/COUNTER-DEFENDANT IGOLF, INC.'S ANSWER TO DEFENDANT/COUNTER-PLAINTIFF BUSHNELL HOLDINGS, INC. DBA BUSHNELL GOLF'S COUNTERCLAIM

BORDIN SEMMER LLP
6100 CENTER DRIVE
SUITE 1100
LOS ANGELES, CA 90045
(323) 457-2110

**ANSWER: iGolf admits that Bushnell paraphrases the allegations set forth by X18 in the lawsuit, but denies X18's allegations.**

17. Both X18 [sic] and L1 demurred to X18's First Amended Complaint, which was sustained on April 15, 2021 with leave to amend.

**ANSWER: Admitted that Bushnell and L1 demurred to X18's First Amended Complaint, which was sustained on April 15, 2021 with leave to amend.**

18. On April 30, 2021, X18 filed its Second Amended Complaint against L1 and Bushnell alleging the same claims against Bushnell and L1, including a claim against L1 for intentional interference with prospective economic advantage, which was based on allegations that L1's owner, Brian Verdugo, engaged in a pattern of conduct intended to disrupt the potential relationship between Bushnell and X18 including making false statements to Bushnell with the specific intent of disrupting X18's relationship with Bushnell.

**ANSWER: iGolf admits that Bushnell paraphrases the allegations set forth by X18 in the lawsuit, but denies X18's allegations.**

19. Both Bushnell and L1 demurred to the Second Amended Complaint.

**ANSWER: Admitted.**

20. On September 21, 2021, the court sustained Bushnell and L1's demurrers to the SAC to the trade secret, breach of contract and unfair competition claims but overruled L1's demurrer to the claim against L1 for intentional interference with prospective advantage holding that X18's allegations about Brian Verdugo's comments were sufficient to plead a claim.

**ANSWER: iGolf admits that Bushnell paraphrases the allegations set forth by X18 in the lawsuit, but denies X18's allegations.**

21. On October 6, 2021, X18 filed its Third Amended Complaint ("TAC") to which Bushnell answered and L1 demurred.

**ANSWER: Admitted.**

///

BORDIN SEMMER LLP
6100 CENTER DRIVE
SUITE 1100
LOS ANGELES, CA 90045
(323) 457-2110

5
PLAINTIFF/COUNTER-DEFENDANT IGOLF, INC.'S ANSWER TO DEFENDANT/COUNTER-PLAINTIFF BUSHNELL HOLDINGS, INC. DBA BUSHNELL GOLF'S COUNTERCLAIM

22. On June 30, 2022, the court overruled L1's demurrer to all claims against it and as to the intentional interference with prospective economic advantage claim and stated that the allegations of Mr. Verdugo's conduct were sufficient to plead a claim consistent with the Court's prior order.

**ANSWER: iGolf admits that Bushnell paraphrases the allegations set forth by X18 in the lawsuit, but denies X18's allegations.**

23. On July 29, 2022 L1 answered the TAC and filed a general cross-complaint against ROES 1 through 100, for Implied Indemnity, Equitable Indemnity, Express Indemnity, Contribution and Indemnity, and Declaratory Relief.

**ANSWER: Admitted.**

24. Subsequently X18, Bushnell, and L1 engaged in discovery, including written discovery and depositions.

**ANSWER: Admitted.**

25. During depositions of representative of Bushnell and L1, evidence was adduced that L1 and Brian Verdugo, had taken certain actions that impeded X18's efforts to work with Bushnell as required by L1 pursuant to the applicable agreements with Bushnell, including among other actions, by delaying the transmission of certain map data to L1 in 2018 and making statements to certain executives at Bushnell about X18's capabilities and issues X18 would likely encounter in trying to develop the golf speaker that X18 was working to develop potentially with Bushnell.

**ANSWER: Denied.**

26. Following discovery, Bushnell filed a motion for summary judgment which was set for hearing in the summer of 2023.

**ANSWER: Admitted.**

///

///

///

PLAINTIFF/COUNTER-DEFENDANT IGOLF, INC.'S ANSWER TO DEFENDANT/COUNTER-PLAINTIFF BUSHNELL HOLDINGS, INC. DBA BUSHNELL GOLF'S COUNTERCLAIM

BORDIN SEMMER LLP
6100 CENTER DRIVE
SUITE 1100
LOS ANGELES, CA 90045
(323) 457-2110

27. While Bushnell's summary judgment motion was pending and including costs and fees, Bushnell and X18 reached an agreement to resolve the matter involving a complete dismissal of all claims in the X18 litigation, including the claims asserted against L1.

**ANSWER: iGolf lacks sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 31, and these allegations are effectively denied by operation of Federal Rules of Civil Procedure 8(b)(5).**

28. On June, 30, 2023, X18's claims against Bushnell and L1 were dismissed with prejudice, and L1's claims against the ROE Defendants, including its claim for express indemnity, were dismissed with prejudice.

**ANSWER: iGolf admits that its ROE Cross-Complaint in the X18 Lawsuit was dismissed with prejudice, but denies any insinuation or implication by Bushnell that iGolf's right or ability to seek indemnity against Bushnell in the present action was affected in anyway.**

29. Following the dismissal, Bushnell demanded indemnification from L1 pursuant to Section 8.1 of the Development Agreement and Section 7.1 of the License Agreement. Specifically, Bushnell advised L1 that L1 was obligated to indemnify Bushnell because the X18 lawsuit arose out of L1's breach of its obligations under the Agreements, and its gross negligence, willful misconduct, and bad faith, for among other reasons, Brian Verdugo's and other L1 representatives actions that inhibited X18's attempt to develop the golf speaker product it was attempting to develop with L1 and Bushnell. Indeed, it was Mr. Verdugo and L1 who first made Bushnell aware of X18, and despite agreeing to provide L1's support through its course mapping technology, engaged in a pattern of conduct aimed at thwarting X18's development efforts.

**ANSWER: iGolf admits that Bushnell sent a letter seeking indemnification on August 14, 2023, but denies Bushnell was entitled to any such indemnification from iGolf. iGolf denies the remaining allegations of this Paragraph 29.**

BORDIN SEMMER LLP
6100 CENTER DRIVE
SUITE 1100
LOS ANGELES, CA 90045
(323) 457-2110

30. As of the date of this counterclaim, L1 has not accepted Bushnell's request for indemnification.

**ANSWER: iGolf admits that it has not accepted Bushnell's request for indemnification as iGolf denies Bushnell is or was entitled to any such indemnification from iGolf.**

31. Bushnell incurred substantial costs, including legal fees and payments to resolve the X18 litigation for which L1 is obligated to indemnify Bushnell, including but not limited to paying for L1's share of the settlement payment.

**ANSWER: iGolf lacks sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 31, and these allegations are effectively denied by operation of Federal Rules of Civil Procedure 8(b)(5).**

## COUNT I

### (Breach of Contract – Failure to Indemnify as to iGolf, Inc. formerly operating as L1, Inc. ("L1")

32. Bushnell incorporates by reference paragraphs 1-30 [sic] of its Counterclaim as if fully set forth herein.

**ANSWER: iGolf reasserts and incorporates by reference its responses to Paragraphs 1-31 as if fully set forth herein.**

33. Bushnell has complied with its material obligations under both the Development Agreement and License Agreement.

**ANSWER: Denied.**

34. Pursuant to the indemnification provisions of the Development Agreement and License Agreement, L1 is obligated to indemnify Bushnell for its costs, including legal fees associated with X18 litigation and the settlement payment made to X18.

**ANSWER: Denied.**

35. L1 is in breach of both the Development Agreement and License Agreement by failing to indemnify Bushnell for these costs.

BORDIN SEMMER LLP
6100 CENTER DRIVE
SUITE 1100
LOS ANGELES, CA 90045
(323) 457-2110

**ANSWER: Denied.**

36. Bushnell has suffered damages arising from L1's breach and will continue to incur damages for as long as L1 refuses to indemnify Bushnell.

**ANSWER: Denied.**

## PRAYER FOR RELIEF

**WHEREFORE**, iGolf denies that Bushnell is entitled to any of the relief sought in the "PRAYER FOR RELIEF".

## IGOLF'S AFFIRMATIVE DEFENSES

Without admitting any of the allegations in the Crossclaim, and without waiving or excusing any of Bushnell's own burdens of proof and production of evidence, iGolf alleges the following defenses to Bushnell's Crossclaim. iGolf reserves the right to assert additional defenses that discovery indicates are proper.

iGolf incorporates by reference its allegations in Paragraphs 1-137 of its Complaint and Paragraphs 1-36 of its Answer with respect to each and every affirmative defense, as though fully set forth therein, and, wherever seemingly inconsistent, pled in the alternative.

### FIRST AFFIRMATIVE DEFENSE
### (Waiver)

1. By its actions, Bushnell has waived any and all claims, rights, and demands made in the Crossclaim.

### SECOND AFFIRMATIVE DEFENSE
### (Laches)

2. Bushnell's claims are barred by the doctrine of laches.

### THIRD AFFIRMATIVE DEFENSE
### (Estoppel)

3. Bushnell's causes of action alleged in the Crossclaim are barred by the doctrine of estoppel.

///

BORDIN SEMMER LLP
6100 CENTER DRIVE
SUITE 1100
LOS ANGELES, CA 90045
(323) 457-2110

## FOURTH AFFIRMATIVE DEFENSE
## (Lack of Causation)

4. The damages complained of were the result of the intervening actions of others and were not proximately caused by the actions or omissions of iGolf.

## FIFTH AFFIRMATIVE DEFENSE
## (Justification and Privilege)

5. iGolf was justified and privileged in taking the actions alleged in the Crossclaim.

## SIXTH AFFIRMATIVE DEFENSE
## (Consent/Acquiescence/Ratification)

6. Bushnell's claims are barred because Bushnell acquiesced in and/or consented to any alleged conduct in the Crossclaim. By its actions, Bushnell ratified the actions of others upon which Bushnell bases its claims. Thus, to the extent Bushnell suffered or sustained any loss, injury, damage or detriment, the same was directly and proximately caused and contributed to by Bushnell's own ratification of the conduct giving rise to her alleged damages and/or Bushnell's own conduct, acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional misconduct, and not by iGolf.

## SEVENTH AFFIRMATIVE DEFENSE
## (Good Faith)

7. iGolf, at all times, acted in good faith and in accordance with reasonable commercial standards to protect its economic interest, thus precluding any recovery by Bushnell.

///
///
///
///
///

BORDIN SEMMER LLP
6100 CENTER DRIVE
SUITE 1100
LOS ANGELES, CA 90045
(323) 457-2110

## EIGHTH AFFIRMATIVE DEFENSE
## (Fault of Bushnell)

8. Bushnell's own breach, conduct, acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional misconduct directly and proximately caused and contributed to any loss, injury, damage or detriment it sustained.

## NINTH AFFIRMATIVE DEFENSE
## (Unclean Hands)

9. Bushnell's claims are barred by the doctrine of unclean hands.

## TENTH AFFIRMATIVE DEFENSE
## (No Damages / Speculative Damages)

10. Bushnell has suffered no actual damages, and any damages claimed in the Crossclaim are speculative and cannot be recovered from iGolf.

## ELEVENTH AFFIRMATIVE DEFENSE
## (Failure to Mitigate)

11. Bushnell has failed, refused and/or neglected to take reasonable steps to mitigate its alleged damages, if any, thus barring or diminishing any recovery by Bushnell.

## TWELFTH AFFIRMATIVE DEFENSE
## (Bushnell's Prior Breach)

12. Bushnell materially breached and/or failed to perform the promises and/or conditions, express and/or implied, of any contract between the parties, thereby preventing iGolf's performance and discharging any obligation on the part of iGolf.

## THIRTEENTH AFFIRMATIVE DEFENSE
## (Barred by Contract)

13. Some or all of Bushnell's claims are barred by the applicable provisions of the contracts, policies, and/or agreements at issue.

BORDIN SEMMER LLP
6100 CENTER DRIVE
SUITE 1100
LOS ANGELES, CA 90045
(323) 457-2110

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

14. The Crossclaim and each cause of action therein are barred because recovery for Bushnell would result in unjust enrichment.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Negligence)

15. Bushnell was careless and negligent in and about the matters alleged in the Crossclaim, which resulted in any damages alleged.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Setoff)

16. Bushnell's claims are barred, reduced and/or limited pursuant to applicable statutory and common law regarding limitation awards, caps on recovery and setoffs.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

17. The facts alleged in the Crossclaim fail to state a claim for each of the causes of action asserted against iGolf.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Reservation of Right to Assert Additional Defenses)

18. Bushnell has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. Bushnell therefore reserves the right to assert additional affirmative defenses in the event discovery indicates that they may be appropriate.

## PRAYER FOR RELIEF

WHEREFORE, iGolf prays:

1. That Bushnell takes nothing by way of its Counterclaim;
2. That iGolf be awarded its costs of suit incurred herein;
3. That iGolf be awarded its attorney's fees to the extent provided by law;

BORDIN SEMMER LLP
6100 CENTER DRIVE
SUITE 1100
LOS ANGELES, CA 90045
(323) 457-2110

4. That judgment be entered in favor of iGolf; and

5. That iGolf be granted such other relief as the Court deems just and proper.

Dated: October 12, 2023　　　　　　　BORDIN SEMMER LLP

By: _____
Joshua Bordin-Wosk
Justin F. Spearman
Attorneys for Plaintiff,
iGolf, Inc.

# **PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 6100 Center Drive, Suite 1100, Los Angeles, California 90045.

On October 12, 2023, I served the within document(s) described as:

**PLAINTIFF/COUNTER-DEFENDANT IGOLF, INC.'S ANSWER TO DEFENDANT/COUNTER-PLAINTIFF BUSHNELL HOLDINGS, INC. DBA BUSHNELL GOLF'S COUNTERCLAIM**

on the interested parties in this action as stated on the attached mailing list.

☐ (BY MAIL) By placing a true copy of the foregoing document(s) in a sealed envelope addressed as set forth on the attached mailing list. I placed each such envelope for collection and mailing following ordinary business practices. I am readily familiar with this Firm's practice for collection and processing of correspondence for mailing. Under that practice, the correspondence would be deposited with the United States Postal Service on that same day, with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business.

☒ (BY ELECTRONIC MAIL/ECF) I caused such document to be electronically transmitted via United States District Court, Southern District of California, which is then printed and maintained with the original documents in our office.

☐ (BY ELECTRONIC MAIL) I caused such document(s) to be Served to all Party/Parties through electronic means at the electronic addresses as set forth on the attached service list. Upon completion of transmission of said document(s), I did not receive an "undeliverable" receipt.

Executed on October 12, 2023, at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

       Erin M. Woodard                                                /s/ Erin M. Woodard

**CLIENT:** IGOLF, INC.
**FILE NO.:** 4519.003

## SERVICE LIST

Carla M. Wirtschafter
REED SMITH LLP
1901 Avenue of the Stars, Suite 700
Los Angeles, CA 90067

Tel: (213) 734-5200
Fax: (213) 734-5299
Email: cwirtschafter@reedsmith.com
ksangdahl@reedsmith.com
wweltman@reedsmith.com

*Attorneys for Defendants,
BUSHNELL HOLDINGS, INC., DBA
BUSHNELL GOLF AND VISTA OUTDOOR,
INC.*